[Civ. No. 65042. Second Dist., Div. One. Jan. 26, 1983.]

KIMBERLY SCOTT, a Minor, etc., et al., Plaintiffs and Appellants, v. HERBERT SAXBY FARRAR, SR., Defendant and Respondent.

COUNSEL

Charles R. Weldon and Leonard Sacks for Plaintiffs and Appellants.

Clausen, Harris & Campbell, Inlow H. Campbell and Carl R. Stevens for Defendant and Respondent.

OPINION

**DALSIMER, J.**—Plaintiffs, Kimberly Scott and Richard Scott, appeal from the judgment entered following the trial court's order granting the summary judgment motion of defendant Herbert Saxby Farrar, Sr.

The complaint, which was filed November 21, 1980, alleges that Kimberly was injured on March 19, 1980, at 7:15 a.m. while crossing a street at the intersection of Firestone Boulevard and San Juan Street in South Gate to attend school. The complaint further alleges that Kimberly's injuries were caused by

Farrar's negligent failure to supply traffic control protection. Richard Scott, Kimberly's father, alleges that as a result of Farrar's negligence, Mr. Scott incurred medical expenses in the treatment of Kimberly. Farrar's answer, which was filed February 13, 1981, denies all allegations of the complaint.

On June 5, 1981, less than four months after Farrar's answer was filed, plaintiffs served defendants with notice that the deposition of Matilda Macready, principal of San Gabriel Avenue Elementary School, would be taken on July 1, 1981. Notice of the deposition was filed June 8, 1981. On June 10, 1981, Farrar served and filed his motion for summary judgment, noticing the motion for a date in advance of the date scheduled for Ms. Macready's deposition. The motion was calendared for and argued on June 25, 1981. Although plaintiffs filed opposition to the motion, they did not seek a continuance to enable them to take the deposition of Ms. Macready prior to the hearing on the motion. After judgment was entered, plaintiffs filed a notice of intention to move for new trial on the grounds of newly discovered evidence obtained during the deposition of Ms. Macready. The motion for new trial was denied on grounds that plaintiffs had failed to exercise diligence in preparation for the hearing on the summary judgment motion.      In this appeal, plaintiffs challenge both the propriety of the summary judgment and the order denying a new trial.[1]

We first consider whether the motion for summary judgment was properly granted. In support of the motion Farrar introduced his declaration dated March 18, 1981. That declaration contains the following statements: On the day of the accident Farrar was a crossing guard at the intersection of Firestone Boulevard and San Juan Street in South Gate. The intersection is located approximately one-half block from the San Gabriel Avenue Elementary School. Farrar's working hours are assigned to him by the traffic sergeant of the South Gate Police Department, and Farrar has no authority to adjust his hours. On the day of the accident Farrar was assigned to begin work at 7:30 a.m., which was his regular starting time in March 1980; he had no duties prior to that time and had no knowledge that children would be arriving earlier than usual. Farrar actually arrived at the vicinity of the intersection shortly after 7 a.m., parked his vehicle on San Juan Street approximately 150 feet from the intersection, and was waiting there until his scheduled starting time. Approximately five minutes after Farrar arrived, he saw Kimberly arrive at the intersection and immediately begin to cross Firestone Boulevard. No other small children had appeared in the vicinity of the intersection prior to the arrival of Kimberly.

---

[1]Although the order is not itself appealable, an order denying a motion for new trial may be reviewed on an appeal from the judgment. (Code Civ. Proc., § 906; *Fogo* v. *Cutter Laboratories, Inc.* (1977) 68 Cal.App.3d 744, 748-749 [137 Cal.Rptr. 417].)

Farrar also introduced the declaration of Steve Howerton in support of the motion. Howerton's declaration states that in March 1980 Howerton was acting sergeant of the traffic bureau and was responsible for the supervision of Farrar. Howerton's declaration confirms that Farrar had no authority to regulate his working hours; on March 19, 1980, Farrar was assigned to go on duty at 7:30 a.m.; and Farrar had no duty or responsibility to be working at the intersection earlier than 7:30 a.m.

The only evidence introduced in opposition to the motion for summary judgment was excerpts from the deposition of Farrar. Those excerpts contain testimony of Farrar that he had been in his car for less than a couple of minutes when he first spotted Kimberly. Upon noticing Kimberly, he said, "My God, this hour in the morning?" He thought it was a little unusual for her to be at the intersection that early. He didn't get out of the car, blow his whistle, or do anything when he saw Kimberly. Instead he remained in the car, hoping that Kimberly would cross the street safely. Kimberly appeared to be nine or ten years of age.

■ On appeal from a summary judgment, the reviewing court has the duty to determine whether there is a triable issue of material fact. (*Maxwell* v. *Colburn* (1980) 105 Cal.App.3d 180, 185 [163 Cal.Rptr. 912].) ■ A defendant moving for summary judgment has the burden of showing that the plaintiff's action is without merit. He must make a factual showing negating the existence of each cause of action on all theories embodied in the complaint or by establishing a complete defense thereto. (*Tresemer* v. *Barke* (1978) 86 Cal.App.3d 656, 661-662 [150 Cal.Rptr. 384, 12 A.L.R.4th 27].)

■ As a general rule, there is no duty to control the conduct of another. (*Davidson* v. *City of Westminster* (1982) 32 Cal.3d 197, 203 [185 Cal.Rptr. 252, 649 P.2d 894].) "A person who has not created a peril is ordinarily not liable in tort merely for failure to take affirmative action to assist or protect another, no matter how great the danger in which the other is placed, or how easily he could be rescued, unless there is some *relationship* between them which gives rise to a duty to act. [Citations.]" (4 Witkin, Summary of Cal. Law (8th ed. 1974) Torts, § 554, p. 2821, original italics; *Davidson* v. *City of Westminster, supra,* 32 Cal.3d 197, 203.) The declarations introduced by Farrar in support of the summary judgment motion established that Farrar had no duty to begin work as a crossing guard until 7:30 a.m. and that, at the time of the accident, he had neither begun working nor did he appear to be on duty. The evidence adduced by plaintiffs in opposition to the summary judgment motion failed to controvert those declarations in any material respect. The evidence that Farrar had no authorization to begin work earlier than 7:30 a.m. on March 19, 1980, and that 7:30 a.m. was his regular starting time during that month was sufficient under the pleadings to establish that Farrar had no special rela-

tionship with Kimberly imposing a duty upon him to assist her in crossing Firestone Boulevard earlier than 7:30 a.m. on the day in question. Because the declarations of Farrar and Howerton established the lack of any duty to Kimberly (see *id.*, at pp. 203-209), Farrar was entitled to summary judgment.

Code of Civil Procedure section 437c provides in part that "If a party is otherwise entitled to a summary judgment pursuant to the provisions of this section, summary judgment shall not be denied on grounds of credibility or for want of cross-examination of witnesses furnishing affidavits or declarations in support of the summary judgment, except that summary judgment may be denied in the discretion of the court, where the only proof of a material fact offered in support of the summary judgment is an affidavit or declaration made by an individual who was the sole witness to such fact . . . ." Plaintiffs contend that the trial court abused its discretion by accepting as true the statement of Farrar that he did not know children would be arriving earlier than usual on the day in question. Plaintiffs' contention is without merit because, in view of the uncontradicted evidence that Farrar was not authorized to begin work before 7:30 a.m., the fact that children would be arriving earlier was not material.

■ Plaintiffs also contend that the summary judgment statute is unconstitutional because summary judgment denies the opposing party a jury trial. In *Bank of America, etc.* v. *Oil Well S. Co.* (1936) 12 Cal.App.2d 265, 270 [55 P.2d 885], we rejected an identical contention and held that Code of Civil Procedure section 437c was constitutional. None of the amendments enacted since that decision alter our conclusion that the statute is constitutional. There was no error in granting the motion for summary judgment on the record before the trial court at the time of the hearing.

■ We now address plaintiffs' contention that the trial court abused its discretion by denying plaintiffs' motion for new trial.

Code of Civil Procedure section 657 provides in pertinent part, "The verdict may be vacated and any other decision may be modified or vacated, in whole or in part, and a new or further trial granted on all or part of the issues, on the application of the party aggrieved, for any of the following causes, materially affecting the substantial rights of such party: . . . [¶] 4. Newly discovered evidence, material for the party making the application, which he could not, with reasonable diligence, have discovered and produced at the trial." Because resolution of a summary judgment motion involves the trial of an issue of law, a decision granting a motion for summary judgment may be challenged by a motion for new trial. (*Malo* v. *Willis* (1981) 126 Cal.App.3d 543, 546, fn. 2 [178 Cal.Rptr. 774]; see *Carney* v. *Simmonds* (1957) 49 Cal.2d 84, 90 [315 P.2d 305].)

After the hearing on the motion for summary judgment, plaintiffs deposed Matilda Macready, the principal of the elementary school Kimberly was to attend on March 19, 1980. During her deposition, Ms. Macready testified that in March 1980 she saw the crossing guard on the corner at 7 a.m. "most of the time." She responded affirmatively to a question whether he seemed to be "an available-type crossing guard." She further testified that it was her understanding that the crossing guards would be available before 7:30 a.m. Her very first indication that Farrar was on duty at 7 a.m. was a volunteered statement she made after she had fully answered counsel's question.

Plaintiffs' motion for new trial was supported by the declaration of their attorney, Charles R. Weldon. Mr. Weldon's declaration states that the evidence obtained during Ms. Macready's deposition indicating an assumption of duty by Farrar was newly discovered because prior to the taking of Ms. Macready's deposition the facts disclosed therein were not known to plaintiffs.

In its order denying the motion for new trial, the trial court stated, "Plaintiff has not made a factual showing that plaintiff could not have discovered the facts related by Matilda Macready in her deposition on July 1, 1981. The declaration of plaintiffs [*sic*] counsel of July 21, 1981 contains any [*sic*] conclusionary argument on this issue. (see para. 7, p. 2; see generally Witkin, Calif. Proced. pp. 3606-3609)." The trial court's characterization of Mr. Weldon's declaration as containing only "conclusionary argument" on the question of reasonable diligence was apparently made with reference to paragraph 7 of that declaration in which counsel stated that the facts disclosed during Ms. Macready's deposition "could not have been discovered by [plaintiffs] at an earlier time." While the trial court was correct in observing that the statement is conclusional in nature, judicial notice of the court's file establishes as a matter of law that plaintiffs exercised reasonable diligence in pursuing discovery. The court file discloses that plaintiffs had deposed Farrar and had noticed Ms. Macready's deposition within seven months of filing the complaint and less than four months after Farrar's answer was filed.

Summary judgment, inasmuch as it denies the right of an adverse party to a full trial of the case, is a drastic procedure, and doubts as to the propriety of granting such motion should be resolved against the moving party. (*Stationers Corp. v. Dun & Bradstreet, Inc.* (1965) 62 Cal.2d 412, 417 [42 Cal.Rptr. 449, 398 P.2d 785].) The same degree of diligence in discovery that is required in preparation for trial is not required of a party who opposes a summary judgment motion relatively early in the litigation. (See *Sprecher v. Adamson Companies* (1981) 30 Cal.3d 358, 373 [178 Cal.Rptr. 783, 636 P.2d 1121].) Indeed, time constraints often render such degree of diligence impossible. The record before the trial court amply established as a matter of law that plaintiffs

exercised reasonable diligence in discovery. We have therefore determined that plaintiffs' motion for new trial should have been granted.

Our decision in *Realty Co. of America* v. *Burton* (1958) 160 Cal.App.2d 178 [325 P.2d 171] does not require a different result. *Realty Co.* involved a contention by the appellants that their motion for new trial should have been granted on the grounds of newly discovered evidence because a Mr. Wardman, who had financed development of property involved in appellants' action for declaratory relief, was out of the country when the case went to trial. In that case we held that, by their failure to request a continuance, appellants entered upon the trial at their peril and that there was no abuse of discretion in the trial court's denial of appellants' motion for new trial. (*Id.*, at pp. 198-200.)

Code of Civil Procedure section 437c indicates the criteria necessary for determination of a motion for continuance of the hearing on a summary judgment motion when the continuance is requested on the grounds that further discovery is needed. That section provides in pertinent part, "If it appears from the affidavits submitted in opposition to the motion that facts essential to justify opposition may exist but cannot, for reasons stated, then be presented, the court shall deny the motion, or order a continuance to permit affidavits to be obtained or discovery to be had or may make such other order as may be just." When plaintiffs filed their opposition to the summary judgment motion, they were unaware that Ms. Macready had observed Farrar apparently on duty as early as 7 a.m. during the month in which the accident occurred. In the context of a motion for new trial after a jury trial, it has been observed that where a party knows of an important witness and the materiality of his testimony, due diligence ordinarily requires the party to move for a continuance, but if the party is unable to demonstrate the nature or materiality of the witness' testimony, due diligence does not require a motion for continuance, and a motion for new trial may not be denied for the party's failure to request a continuance. (*Andersen* v. *Howland* (1970) 3 Cal.App.3d 380, 383 [83 Cal.Rptr. 308].) In *Realty Co.*, appellants were aware of the materiality of Mr. Wardman's testimony because respondents had alleged in their answer that appellants secretly purchased land from Mr. Wardman and evidence at the trial indicated that appellants had purchased land from Mr. Wardman in violation of their exclusive sales contracts with respondents. (*Realty Co. of America* v. *Burton, supra,* 160 Cal.App.2d 178, 184-185, 192-193.) In the present case, however, plaintiffs were unaware of either the nature or materiality of Ms. Macready's testimony with regard to the matters pertinent to Farrar's summary judgment motion. Consequently, reasonable diligence did not require plaintiffs to move for a continuance of the summary judgment motion. Because the trial court erred in denying plaintiffs' motion for new trial, we must reverse.

The judgment is reversed.

Spencer, P. J., and Lillie, J., concurred.