[No. G017874. Fourth Dist., Div. Three. Jan. 5, 1996.]

FIGHT FOR THE RAMS, Petitioner, v.
THE SUPERIOR COURT OF ORANGE COUNTY, Respondent;
LOS ANGELES RAMS FOOTBALL COMPANY, INC., Real Party in
Interest.

**COUNSEL**

Paul A. Wollam for Petitioner.

Irell & Manella, Layn R. Phillips, Gregory R. Smith, Michael G. Ermer, James W. Spertus and Michael K. Friedland for Real Party in Interest.

**OPINION**

**CROSBY, J.**—Within 10 days of this matter's being assigned for all purposes to a superior court judge, defendant's demurrer was sustained and plaintiff filed a Code of Civil Procedure section 170.6 peremptory challenge. The court erroneously denied the motion as untimely. We issue a peremptory writ of mandate accordingly.

I

On February 15, 1995, Fight for the Rams, an association of football season ticket holders, sued the Los Angeles Rams Football Company, Inc. (Rams) and several other defendants for damages allegedly caused by the franchise's then proposed and now realized move to St. Louis.[1] Pursuant to civil case management procedures adopted by the Orange County Superior Court, the lawsuit was assigned to a judge for all purposes. The Rams filed a demurrer, a motion to strike, and a motion for a protective order. At the hearing, however, the assigned judge recused himself, transferred the matter to "Department 33," and advised the parties the motions would be heard there on May 3, 1995.

But on May 3, 1995, the clerk in department 32 telephoned counsel to let them know the previous order was in error: the matter had been assigned to

---

[1]The specifics of the lawsuit are not pertinent to the issue presented in this petition. But the general gravamen of the complaint is the inability of 1994 season ticket holders to "renew" their season tickets for 1995, when the team would be playing in St. Louis, without also paying a "licensing agreement fee" that ranged from $250 to $4,500 per seat.

department 32; and the motions were continued once again, this time to May 9, 1995. An April 28, 1995, minute order, accompanied by an official certificate of mailing dated May 4, 1995, confirmed the all-purpose assignment to H. Warren Siegel, the jurist presiding in department 32. The minute order further advised, "Counsel have 15 days from the date of the enclosed certificate of mailing in which to exercise any rights under CCP 170.6."

On May 9, 1995, Judge Siegel conducted the hearing on defendant's demurrer and related motions. There is no suggestion in the reporter's transcript that plaintiff's counsel suggested the exercise of a peremptory challenge. The court sustained defendant's demurrer to seven causes of action with leave to amend and to three others without leave to amend.[2] On May 12—after the ruling, but within 10 days of the May 3 telephone call and the May 4 certificate of mailing of the notice assigning the matter to Judge Siegel for all purposes—plaintiff filed its peremptory challenge. The court summarily rejected it the same day, concluding it was untimely. We stayed the proceedings below, issued an order to show cause, and heard oral argument on the matter.

## II

Plaintiff's peremptory challenge to the assigned judge was indisputably filed within 10 days of the superior court's notice of the assignment, and that should be the end of the discussion. But two arguments have been advanced in support of the court's ruling. The first is based on Government Code section 68616, part of the Trial Court Delay Reduction Act, the second on plaintiff's waiting until the assigned judge heard and ruled on defendant's demurrer and motions before seeking to remove him from the case. Neither has merit under current law, although we think the Legislature should again consider changing it to eliminate this loophole.

We begin with an excerpt of the pertinent language in Code of Civil Procedure section 170.6, subdivision (2), providing in part that a peremptory challenge, "[if] directed to the trial of a cause which has been assigned to a judge for all purposes, . . . shall be made to the assigned judge or to the presiding judge by a party within 10 days after notice of the all purpose assignment, or if the party has not yet appeared in the action, then within 10 days after the appearance. . . . If the motion is directed to a hearing (other than the trial of a cause), the motion shall be made not later than the commencement of the hearing. In the case of trials or hearings not herein specifically provided for, the procedure herein specified shall be followed as

---

[2]The Rams were not included as a defendant in the remaining cause of action.

nearly as may be. The fact that a judge . . . has presided at or acted in connection with a pretrial conference or other hearing, proceeding or motion prior to trial and not involving a determination of *contested fact issues* relating to the merits shall not preclude the later making of the motion provided for herein at the time and in the manner hereinbefore provided." (Italics added.)

■ Stripped of its legalese, subdivision (2) of Code of Civil Procedure section 170.6 simply requires a party to exercise a peremptory challenge to a judge assigned for all purposes within 10 days of the assignment, unless that party has not yet appeared in the action. Under that circumstance the challenge must be lodged within 10 days after the party appears. In the typical case, therefore, parties lodge peremptory challenges before the assigned judge conducts any hearings or has had the opportunity to make any rulings. There are several exceptions, however.

In other than direct calendar courts, if a party does not object to the judge's assignment for the purpose of trial, but does object to the assigned jurist's presiding over a particular pretrial motion or hearing, the peremptory challenge may be made not only after the 10-day period, but after various hearings and rulings as well. The only requisite is that the challenge must be asserted "not later than" the beginning of the particular hearing.

■ Per subdivision (i) of Government Code section 68616, this statutory exception is no longer available, "[n]otwithstanding [s]ection 170.6 of the Code of Civil Procedure, in direct calendar courts, [where] challenges pursuant to [Code of Civil Procedure section 170.6] shall be exercised within 15 days of the party's first appearance." Because this lawsuit has always been subject to the Trial Court Delay Reduction Act (Gov. Code, § 68600 et seq.), the Rams interpret section 68616, subdivision (i) as precluding any attempt by plaintiff to assert a peremptory challenge more than 15 days after the action was filed. Defendant candidly acknowledges its interpretation "has the effect of eliminating" [any plaintiff's] ability to make a [s]ection 170.6 peremptory challenge" in cases like this one, where the judge is assigned more than 15 days after the action is commenced. The Rams argue this draconian result is "unambiguous[ly] mandated by the Legislature's failure to carve out an exception for Government Code [s]ection 68616 for instances where cases were reassigned to a new judge for all purposes after the expiration of the fifteen-day limit" and "of no moment" because plaintiff is not in a worse position than defendant, who appeared in the action more than 15 days before Judge Siegel's assignment and lost the same right, and, in any event, neither party is "in any different position than either of them

would have been had the action been in the federal district court, where there is no right whatsoever to a peremptory challenge." We disagree.

Government Code section 68616, subdivision (i) unambiguously requires a party to exercise a peremptory challenge "within 15 days of the party's first appearance" in a direct calendar court. When a direct calendar assignment is made more than 15 days after a complaint is filed, the "first appearance" by a plaintiff or defendant who has already responded to the complaint in a direct calendar court coincides with the direct calendar assignment.

Similarly, Fight for the Rams's failure to challenge the assigned judge before the hearing and rulings on the demurrer and defense motions did not eliminate plaintiff's right to make the peremptory challenge. Code of Civil Procedure section 170.6 clearly provides that if the all purpose judge "preside[s] at or act[s] in connection with a . . . hearing, proceeding or motion prior to trial and not involving a determination of contested fact issues relating to the merits," that fact "shall not preclude" a posthearing or postruling assertion of the challenge, provided it is otherwise timely. That is precisely what occurred here.

Despite the trial judge's probably accurate observation that this lawsuit has little prospect of success, he was not called upon to, nor did he, make "a determination of contested fact issues relating to the merits." (Code Civ. Proc. § 170.6; see also *Bambula* v. *Superior Court* (1985) 174 Cal.App.3d 653 [220 Cal.Rptr. 223] [ruling on a motion for summary judgment does not involve a determination of contested fact issues].) For the purposes of the demurrer, he simply accepted plaintiff's factual allegations as true. He deferred a ruling on the motion to strike the verification to the first amended complaint, and the protective order did no more than stay any discovery efforts by plaintiff until a hearing on defendant's response to a second amended complaint and, perhaps, a determination as to whether the suit should be certified as a class action.

In this regard we reject the analysis in *California Fed. Sav. & Loan Assn.* v. *Superior Court* (1987) 189 Cal.App.3d 267 [234 Cal.Rptr. 413]. There, the trial court initially agreed with the petitioning defendant that no triable issue of fact existed as to the interpretation of a promissory note and granted a defense motion for summary adjudication. But the court reconsidered and reversed its ruling six months later when defendant resisted plaintiffs' effort to have the lawsuit certified as a class action. After volumes of written arguments had been filed and a hearing was conducted, the judge announced he would grant the certification motion if plaintiffs filed an amended complaint that dealt with issues raised by defendant.

After plaintiffs amended the complaint, but before any further hearings, California Federal filed a Code of Civil Procedure section 170.6 peremptory challenge to the trial judge. The judge rejected it as untimely, and defendant unsuccessfully petitioned the Court of Appeal for extraordinary relief. While we agree with the appellate panel's decision to deny the petition,[3] we do not subscribe to its reasoning.

In its petition for extraordinary relief, California Federal contended *Bambula* v. *Superior Court, supra,* 174 Cal.App.3d 653 should be dispositive. But the appellate panel disagreed: "The approach taken by the *Bambula* court might well be appropriate in a simple case where the challenged judge, in ruling upon a motion for summary judgment, has merely to assess the factual issues presented by each party and determine whether there is a conflict with respect to those issues, giving rise to a triable issue of fact. This, however, is not such a case. [¶] . . . Code of Civil Procedure section[] . . . 170.6 affords a party the opportunity to file a 'no questions asked' peremptory challenge of a judge. However, that section imposes a restriction that *such a challenge may not be filed after the challenged judge has made a determination which bears on the merits of the case.* [¶] In its motion for summary adjudication of issues, Cal Fed presented to [the judge] a number of issues involving complex questions of law, not the least of which was the issue involving the contractual interpretation of Cal Fed's promissory note. This was one of the issues which would 'make or break' the case for Cal Fed. By characterizing this crucial ruling as one in which the court 'merely decides whether a triable issue of fact exists,' Cal Fed exalts form over substance. Just as plaintiffs would have been precluded from filing a section 170.6 peremptory challenge after [the judge's] initial adverse rulings, Cal Fed is precluded from filing a similar challenge after . . . reconsideration of the issue resulted in a ruling adverse to Cal Fed." (*California Fed. Sav. & Loan Assn.* v. *Superior Court, supra,* 189 Cal.App.3d at pp. 270-271, italics added.)

As we mentioned in footnote 3, the proceedings relating to the class certification issue involved a determination of contested factual issues and, without more, should have supported the denial of California Federal's

---

[3]In our view the hearings and tentative decision to certify the class involved "a determination of contested fact issues relating to the merits." (Code Civ. Proc., § 170.6, subd. (2).) See, for example, *Hamwi* v. *Citinational-Buckeye Inv. Co.* (1977) 72 Cal.App.3d 462, 471 [140 Cal.Rptr. 215], where the Court of Appeal held, "On a motion to certify class status of an action, it is the plaintiff's burden to establish that in fact the requisites for continuation of the litigation in that format are present," and *Carabini* v. *Superior Court* (1994) 26 Cal.App.4th 239, 243 [31 Cal.Rptr.2d 520], where a different panel of this court recognized the class certification decision "frequently determines whether the case has continuing viability."

petition. But the Court of Appeal ignored that aspect of the case, took *Bambula* head on, and denied the petition based solely on the summary adjudication issue. In so doing, the panel purported to rewrite a portion of Code of Civil Procedure section 170.6. The statutory criterion is whether the judge has been involved in "a determination of contested fact issues relating to the merits." The *California Fed.* court, however, diluted that standard to one in which "the challenged judge has made a determination which bears on the merits of the case." (*California Fed. Sav. & Loan Assn.* v. *Superior Court,* *supra,* 189 Cal.App.3d at p. 271.) We disagree and adhere to the plain language of Code of Civil Procedure section 170.6, subdivision (2).

Our the previously issued stay of trial court proceedings is dissolved. Let a peremptory writ of mandate issue directing the superior court to grant plaintiff's motion for a peremptory challenge to Judge Siegel.

Costs for this proceeding may be assessed in the discretion of the superior court on behalf of the party ultimately prevailing at trial.

Sonenshine, Acting P. J., and Rylaarsdam, J., concurred.