[No. B127321. Second Dist., Div. Two. Jan. 27, 1999.]

CYBERMEDIA, INC., et al., Petitioners, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent;
WENDELL BROWN, Real Party in Interest.

**COUNSEL**

Latham & Watkins, Marcus A. McDaniel and Jennifer F. Boal for Petitioners.

No appearance for Respondent.

Girardi & Keese and James B. Kropff for Real Party in Interest.

**OPINION**

**MALLANO, J.***—Petitioners, Cybermedia, Inc., Unni S. Warrier and H. Mark Carlson, seek a writ of mandate directing the superior court to set aside an order denying their Code of Civil Procedure section 170.6[1] disqualification motion.

## I. FACTS AND PROCEDURAL HISTORY

Real party in interest, Wendell Brown, filed this action on June 18, 1998. It was originally assigned for all purposes to Judge Valerie Baker, who was designated the individual calendar judge in department 31 of the superior court. On October 19, 1998, Judge Baker was replaced in department 31 by Judge Judith Meisels Ashmann. Sometime in October, the public information office of the superior court mailed to the law firm representing petitioners a general notice, including this change in judges, but with no indication of case names or full case numbers.

On October 20, 1998, petitioners filed demurrers to, and motions to strike, the operative complaint. On Friday, November 13, 1998, the attorney assigned to petitioners' case appeared for the hearing on the demurrers and motions to strike, and for the first time learned that Judge Ashmann was now presiding in department 31. Judge Ashmann allowed counsel to argue the demurrers and motions, but deferred ruling until such time as she received additional briefing on certain specified issues.

The following Monday, November 16, 1998, petitioners filed a motion for peremptory challenge under section 170.6 to disqualify Judge Ashmann. On November 17, 1998, the court denied the motion as "not timely."

On November 18, 1998, after receiving the court's order, counsel for petitioners contacted his law firm's court services clerk and asked whether the clerk had received notice of Judge Ashmann's assignment. The clerk advised that he had received a general mailing from the superior court's public information office sometime in late October 1998, which described a

---

*Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

[1]All further statutory references are to the Code of Civil Procedure unless otherwise noted.

number of judicial assignments, including the assignment of Judge Ashmann in place of Judge Baker in department 31. A copy of the mailing had not been forwarded to the attorney assigned to petitioners' case because the notice was addressed only to the law firm's clerk, who does not keep any record of which attorneys in the firm have cases assigned to the individual judicial departments.

On November 20, 1998, petitioners filed this petition for writ of mandate.

## II. CONTENTION

Petitioners contend that because their counsel was not given notice of Judge Ashmann's assignment, the superior court erred in denying petitioners' peremptory challenge as untimely.

## III. DISCUSSION

*Part 1*

██ Superior Court of Los Angeles County Rules of Court, rule 7.5(a) provides that "[a] challenge to an [individual calendar] Judge under Code of Civil Procedure Section 170.6 must be made within 15 days of the party's first appearance (Government Code Section 68616(i))." Government Code section 68616, subdivision (i) provides that "[n]otwithstanding Section 170.6 of the Code of Civil Procedure, in direct calendar courts, challenges pursuant to that section shall be exercised within 15 days of the party's first appearance. . . ."

Neither the court rule nor the Government Code section just cited specifies a time limitation in the situation where, as here, there is a change in the individual calendar judge assigned to the case after the party's first appearance.

In cases where a cause has been assigned to a judge for all purposes, section 170.6, subdivision (2) provides that a party who has already appeared in the action must file the challenge within 10 days *"after notice of the all purpose assignment. . . ."* (Italics added.)

Harmonizing section 170.6, subdivision (2) and Government Code section 68616, subdivision (i) (see *Industrial Risk Insurers* v. *Rust Engineering Co.* (1991) 232 Cal.App.3d 1038, 1042 [283 Cal.Rptr. 873]), we determine that where, as here, a party has already appeared in the action, it must file its challenge within 15 days of receiving notice of a change in the individual calendar judge assigned to the case.

The issue before us is whether the general notice mailed by the superior court's public information office was sufficient notice to petitioners so as to trigger the 15-day time period. We conclude that it was not. It was not addressed to the attorney assigned to petitioners' case, as reflected by documents filed by petitioner in the trial court. It did not reference the case name and full case number, which might have enabled the employee of petitioners' attorneys sorting the mail to route the general notice to the assigned attorney. Finally, the assigned attorney did not learn of the general notice until after he had filed his challenge.[2]

Inasmuch as the record indicates that petitioners' assigned counsel was not given notice of Judge Ashmann's assignment, and because the peremptory challenge was filed three days after petitioners received actual notice of the assignment, the motion was timely.

*Part 2*

Nevertheless, we requested and received from the parties additional briefing as to whether petitioners' appearance at the hearing on the demurrers and motions to strike and submitting argument to the trial court would make their peremptory challenge filed three days later untimely as to the demurrers and motions to strike. Petitioners responded, contending that their challenge caused the trial court to lose jurisdiction and thus, prevents it from ruling on the demurrers and motions to strike, citing the following language in *Sunkyong Trading (H.K.) Ltd.* v. *Superior Court* (1992) 9 Cal.App.4th 282, 288 [11 Cal.Rptr.2d 504]: " 'Once properly and timely challenged, the judge loses jurisdiction to proceed and all his [or her] subsequent orders and judgments are void.' [Citation.]" However, with respect to the hearing on the demurrers and motion to strike, petitioners' challenge was untimely since it should have been filed before the commencement of the hearing. (See *La Seigneurie U.S. Holdings, Inc.* v. *Superior Court* (1994) 29 Cal.App.4th 1500 [35 Cal.Rptr.2d 175].) Accordingly, the trial court has jurisdiction to rule on the demurrers and motions to strike before it. Therefore, on remand, the superior court is ordered to rule on the demurrers and motions to strike prior to granting petitioners' section 170.6 motion.

## IV. Disposition

Let a writ of mandate issue directing the superior court to set aside its order of November 17, 1998, denying petitioners' section 170.6 motion, and

---

[2]We take note that petitioners' assigned attorney is a member of a downtown Los Angeles law firm consisting of a large number of attorneys. Thus, it is understandable that the assigned attorney did not see the general notice.

issue a new and different order granting the motion. The parties are to bear their own costs.

Boren, P. J., and Zebrowski, J., concurred.

A petition for a rehearing was denied February 18, 1999.