[No. E026308. Fourth Dist., Div. Two. June 16, 2000.]

STUBBLEFIELD CONSTRUCTION CO. et al., Petitioners, v.
THE SUPERIOR COURT OF SAN BERNARDINO COUNTY,
Respondent;
CITY OF SAN BERNARDINO et al., Real Parties in Interest.

## COUNSEL

Hill, Farrer & Burrill and Dean E. Dennis for Petitioners.

No appearance for Respondent.

Lewis, D'Amato, Brisbois & Bisgaard, Christopher D. Lockwood; James F. Penman, City Attorney, and Henry Empeno, Deputy City Attorney, for Real Parties in Interest.

## OPINION

**GAUT, Acting P. J.**—In this matter we are, as happens far too often, called upon to reconcile and attempt to harmonize two statutes which strenuously resist any effort to make sense of them. Of the two possible results argued by the parties, neither is either compelled or compelling. Nevertheless, in our

view the conclusion we reach comports best with the intent of the Legislature as we understand it and does the least violence to the English language. We find that petitioners' attempt to disqualify the trial judge was timely and that the trial court erred in finding otherwise.

The facts of the underlying case are not significant. Earlier proceedings resulted in a summary judgment in favor of real parties in interest the City of San Bernardino and related defendants (hereinafter City). However, on appeal by petitioners Stubblefield Construction Co. et al. (hereinafter Stubblefield), we reversed the summary judgment in part and remanded for further proceedings. Our opinion was filed on June 28, 1999, and the remittitur was received by the trial court on August 31 of that year.

On September 17, the clerk of the court notified the parties that the case had been assigned to the Honorable Christopher J. Warner for all purposes. Judge Warner had, in fact, made the ruling which led to the latest appeal and partial reversal. On October 29, Stubblefield filed a peremptory challenge to Judge Warner pursuant to Code of Civil Procedure section 170.6, and the City filed an objection based on untimeliness. The court sustained the City's objection and refused to disqualify itself. This petition followed and we stayed further proceedings pending our resolution of the matter.

## DISCUSSION

■ Stubblefield relies upon Code of Civil Procedure section 170.6, subdivision (2). In pertinent part this statute provides that "[a] motion under this paragraph may be made following reversal on appeal of a trial court's decision, or following reversal on appeal of a trial court's final judgment, if the trial judge in the prior proceeding is assigned to conduct a new trial on the matter. Notwithstanding paragraph (3) of this section, the party who filed the appeal that resulted in the reversal of a final judgment of a trial court may make a motion under this section regardless of whether that party or side has previously done so. The motion shall be made within 60 days after the party or the party's attorney has been notified of the assignment."

To this, the City raises two arguments: 1) that Stubblefield, having previously filed a challenge under Code of Civil Procedure section 170.6, is not entitled to file another, and 2) that the case is governed by separate, and shorter, time limits established in the Government Code. We address these arguments separately.

## A.

First, the City argues that Stubblefield may not exercise its right to challenge Judge Warner because it previously exercised such a challenge.[1] Although as a rule a party is limited to a single peremptory challenge in a case, as set forth above, the statute clearly permits an additional challenge following reversal of a judgment if the same judge is assigned to hear the case on remand. However, the City argues that because the proceedings were terminated by summary judgment, rather than by judgment after *trial,* the remand will not result in a *new* trial but in a *first* trial. Hence, the argument runs, the exception to the "one challenge" rule does not apply.

The contention is meritless. It is quite true, as the City argues, that the exception does not apply to *all* proceedings after remand by the Court of Appeal. In *Stegs Investments v. Superior Court* (1991) 233 Cal.App.3d 572, 576 [284 Cal.Rptr. 495] (hereinafter *Stegs Investments*), the court expressed the view that the disqualification right would not apply if the remand was for a "ministerial" purpose, such as calculating interest. However, the court pointed out that the purpose of the provision, enacted in 1985 at a time when it was common to reassign the trial judge to the remanded case, was to address the "concern . . . that a judge who had been reversed might prove to be biased against the party who successfully appealed the judge's erroneous ruling at the original trial." (*Id.* at pp. 575-576.) Accordingly, as the court explained, a party may disqualify the former judge reassigned to the case if the case involves an actual retrial of one or more issues.

*Stegs Investments, supra,* 233 Cal.App.3d 572, was followed in *Hendershot v. Superior Court* (1993) 20 Cal.App.4th 860 [24 Cal.Rptr.2d 645], which, in defining "new trial," relied on the "very broad" application of the phrase in Code of Civil Procedure section 656. (See also *Carney v. Simmonds* (1957) 49 Cal.2d 84, 90-91 [315 P.2d 305].) It is also well recognized that a motion for new trial may properly be addressed to a summary judgment rendered under Code of Civil Procedure section 437c. (*Scott v. Farrar* (1983) 139 Cal.App.3d 462, 467 [188 Cal.Rptr. 823]; see also *Passavanti v. Williams* (1990) 225 Cal.App.3d 1602, 1606 [275 Cal.Rptr. 887].)

Thus, the proceedings contemplated by our remand will be a new trial within the meaning of Code of Civil Procedure section 170.6, subdivision

---

[1]The City did not raise this issue below. However, as the issue is one of law and does not involve disputed facts, we may consider it even though the City neglected to raise it below. (*Hale v. Morgan* (1978) 22 Cal.3d 388, 394 [149 Cal.Rptr. 375, 584 P.2d 512]; *In re Marriage of Peters* (1997) 52 Cal.App.4th 1487, 1490 [61 Cal.Rptr.2d 493].) We do note that the City filed an abbreviated objection and did request leave to prepare fuller briefing if the court felt it necessary; however, the court's ruling in the City's favor mooted that request.

(2). Although there was no full trial of the matter in this case, a final judgment was entered. Our partial reversal requires that the case be reopened, with an actual trial if necessary; furthermore, our partial reversal reflected our view that the trial judge erred in a crucial decision of law. Assuming, as the Legislature did, that a judge may react with a certain pique to the negative treatment of his or her decisions by an appellate court, this situation is obviously one in which the potential for bias exists.[2] Given the policy reasons for the 1985 amendments to Code of Civil Procedure section 170.6, it is plain that Stubblefield had the right to disqualify Judge Warner.

We turn now to the more difficult question—whether Stubblefield exercised that right in a timely fashion.

### B.

The City's response to Stubblefield's reliance on the time provisions of Code of Civil Procedure section 170.6 is to point to facially contrary provisions in Government Code section 68616, subdivision (i). That statute is part of the Trial Court Delay Reduction Act and applies to all cases falling under that act (commonly known as fast track cases), as this one does. The language on which the City relies provides that *"Notwithstanding Section 170.6 of the Code of Civil Procedure*, in direct calendar courts, challenges pursuant to that section shall be exercised within 15 days of the party's first appearance. Master calendar courts shall be governed solely by Section 170.6 of the Code of Civil Procedure." (Italics added.) This case involves a direct calendar assignment.

The drastic effect of an unadorned reading of this provision is immediately apparent. If the direct calendar assignment is made more than 15 days after a party's first appearance in the case, that party would *never* have the right to exercise a peremptory challenge. It would also necessarily mean that a peremptory challenge could never be exercised after an appeal and remand, because all parties would have long since made a first appearance.

Nevertheless, this was the construction argued by the real party in interest in *Fight for the Rams v. Superior Court* (1996) 41 Cal.App.4th 953 [48 Cal.Rptr.2d 851] (hereinafter *Fight for the Rams*). In that case, the plaintiff filed suit (thus appearing) on February 15, but an all-purpose assignment (or direct calendar assignment) was not made until May 4. The plaintiff then filed a peremptory challenge on May 12. The trial court denied it as

---

[2]We do not, of course, suggest that Judge Warner has so reacted or would so react. We merely accept the Legislature's opinion that such a reaction is possible, and very human.

untimely, and when the plaintiff sought review by extraordinary writ, the defendant argued that due to the timing *neither* side had any right to a peremptory challenge.

The appellate court had no difficulty in rejecting this contention in reversing the trial court. Instead, the court held that "Government Code section 68616, subdivision (i) unambiguously requires a party to exercise a peremptory challenge 'within 15 days of the party's first appearance' *in a direct calendar court*." (*Fight for the Rams, supra,* 41 Cal.App.4th at p. 958, italics added.) In the court's implicit view, a trial court does not become a direct calendar court until a direct calendar assignment is made, and it is only at that time that a party makes its first appearance in that court and the time in which a peremptory challenge must be made begins to run.[3] A similar result was reached in *Cybermedia, supra,* 72 Cal.App.4th 910, which involved a case in which the assigned all-purpose judge was *replaced* by another judge. Without referring to *Fight for the Rams, supra,* 41 Cal.App.4th 953, and expressing the intent to "harmonize" Code of Civil Procedure section 170.6 with Government Code section 68616, subdivision (i), the court simply stated that "where, as here, a party has already appeared in the action, it must file its challenge within 15 days of receiving notice of a change in the individual calendar judge assigned to the case."[4] (*Cybermedia, supra,* 72 Cal.App.4th at p. 913.)

The City here does not argue that Stubblefield had *no* right to exercise a peremptory challenge following the remand, but argues by analogy from *Fight for the Rams, supra,* 41 Cal.App.4th 953, that it had only 15 days from the date Judge Warner was assigned the case after remand. The City argues that as the fast track rules are designed to limit delay, it is "absurd" to suppose that the rules would require a party to make a peremptory challenge at the beginning of the case within 15 days, but allow four times as long in which to challenge a judge *reassigned* to the case after remand.

This position has substantial appeal. The problem is that, on its face, the Government Code provision seems to apply to all possible situations, but, if

---

[3]The result reached by *Fight for the Rams, supra,* 41 Cal.App.4th 953, is clearly equitable and we agree with it, but it does involve some rearrangement of the statutory language. The court's bland stance that it is merely construing "unambiguous" language might be called somewhat disingenuous. In *Cybermedia, Inc. v. Superior Court* (1999) 72 Cal.App.4th 910 [82 Cal.Rptr.2d 126] (hereinafter *Cybermedia*), by contrast, the court did not rely on any fiction that a party did not appear in a direct calendar court until a direct calendar judge was assigned, but simply recognized that Government Code section 68616, subdivision (i) could not be strictly applied as drafted in all circumstances.

[4]Presumably, under *Fight for the Rams, supra,* 41 Cal.App.4th 953, the peremptory challenge filed in *Cybermedia, supra,* 72 Cal.App.4th 910 would have been untimely, because the *Cybermedia* trial court became a direct calendar court when the *first* all-purpose judge was assigned.

so, its use of the party's first appearance as the trigger date is singularly poorly chosen. *Fight for the Rams, supra,* 41 Cal.App.4th 953, and *Cybermedia, supra,* 72 Cal.App.4th 910, recognize this at least implicitly. In both cases the court was compelled to interpret subdivision (i) of Government Code section 68616[5] in order to avoid the presumably unintended result that parties in fast track cases would frequently be deprived of any opportunity to exercise a peremptory challenge.[6] A fair reading of the fast track provision leads to the conclusion that it was drafted as if only one situation would ever be presented: the immediate assignment of an all-purpose judge at the time the original complaint is filed. *Only* in that situation will both sides invariably have 15 days in which to challenge the assigned judge after their respective first appearances. In *all* other situations—a later-assigned judge, a change in judges, or retrial after appeal—a literal reading of subdivision (i) would cancel the right to disqualify the judge because the challenge would necessarily come too late after the first appearance. Thus, the appellate courts have essentially rewritten the statute to provide a fair opportunity for the parties to make a peremptory challenge.

The choice before us is whether to join in the rewriting effort, or whether to conclude that first appearance means first appearance. The term "appearance" has a well-established procedural meaning. A plaintiff appears in an action when the complaint is filed. (*Lyons v. State of California* (1885) 67 Cal. 380, 384 [7 P. 763].) On the other side, "[a] defendant appears in an action when the defendant answers, demurs, files a notice of motion to strike, files a notice of motion to transfer . . . moves for reclassification pursuant to [Code of Civil Procedure] Section 403.040, gives the plaintiff written notice of appearance, or when an attorney gives notice of appearance for the defendant." (Code Civ. Proc., § 1014.) The parties do not "appear" when an all-purpose judge is assigned or replaced; they are already there. We respect the Legislature's use of the term "first appearance."

However, this does not mean that Stubblefield's only opportunity to exercise a peremptory challenge came when it filed its complaint back in the mists of judicial time.[7] We acknowledge, as did the courts in *Fight for the Rams, supra,* 41 Cal.App.4th 953, and *Cybermedia, supra,* 72 Cal.App.4th

---

[5]As we have observed in *Fight for the Rams, supra,* 41 Cal.App.4th at page 958, the court described the language which we quoted above as "unambiguous[]" but then rewrote "first appearance" to mean *first appearance or the time of the assignment of an all-purpose judge, whichever is later.*

[6]As we have noted above, a literal and strict reading of Government Code section 68616, subdivision (i) would negate the provision in Code of Civil Procedure section 170.6 that allows a challenge after appeal.

[7]September 29, 1989, to be precise.

910, that applying the statute to the situation before us would be illogical and unfair. Although subdivision (i) of Government Code section 68616 does limit a party's exercise of a peremptory challenge to the 15 days following the first appearance, this only makes sense if the Legislature intended it to apply only when the assignment of an all-purpose or direct calendar judge is made simultaneously with the acceptance of the complaint for filing. We are reluctant to attribute an illogical or unfair intent to the Legislature; instead, we assume that it did intend to make sense. (See *People v. Broussard* (1993) 5 Cal.4th 1067, 1072 [22 Cal.Rptr.2d 278, 856 P.2d 1134], on avoidance of absurd results.) Thus, Government Code section 68616, subdivision (i) has no application to the situation which arises after remand.

Although it may be anomalous, as the City argues, to allow 60 days following the assignment of the same trial judge after reversal, our interpretation does not do unacceptable violence to the fast track scheme as a whole. In *La Seigneurie U.S. Holdings, Inc. v. Superior Court* (1994) 29 Cal.App.4th 1500 [35 Cal.Rptr.2d 175], the court found it "somewhat puzzling" that the fast track rules actually allow five *more* days to exercise a peremptory challenge than does Code of Civil Procedure section 170.6.[8] It concluded that the Legislature might have believed that extra time was necessary *because of* the expedited nature of the program so that a defendant, "brought into an action against his will," could have "a fair opportunity to reflect and consider on the issue of a challenge to the assigned judge." (*La Seigneuri, supra,* at p. 1504.) Assuming this to be the legislative intent, then limiting the effect of the Government Code provision to the situation in which an all-purpose judge is assigned contemporaneously with the filing of a complaint makes sense. The extended period for making a peremptory challenge is thus restricted to the defendant faced with numerous decisions and choices at the very beginning of litigation, while in less pressured situations the shorter 10-day period of the Code of Civil Procedure continues to control.

We therefore conclude that Government Code section 68616 has no application when a judgment has been reversed on appeal and returned to the trial court for retrial. The 60-day provision of Code of Civil Procedure section 170.6 controls and Stubblefield's motion was timely.

---

[8]Code of Civil Procedure section 170.6 provides in part that, "[i]f directed to the trial of a cause that has been assigned to a judge for all purposes, the motion shall be made . . . within 10 days after notice of the all purpose assignment, or if the party has not yet appeared in the action, then within 10 days after the appearance."

## DISPOSITION

Let a peremptory writ of mandate issue as prayed. Petitioners shall recover their costs.

Richli, J., and Ward, J., concurred.