[No. B147436. Second Dist., Div. Three. Apr. 12, 2001.]

MOTION PICTURE AND TELEVISION FUND HOSPITAL, Petitioner,
v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent;
ROSE MARIE LOPEZ et al., Real Parties in Interest.

## COUNSEL

Ballard, Rosenberg, Golper & Savitt, Linda Miller Savitt, Christine T. Hoeffner and Adrian J. Guidotti for Petitioner.

Frederick R. Bennett for Respondent.

Shegerian & Associates and Carney R. Shegerian for Real Parties in Interest.

## OPINION

**THE COURT.**\*—The question before this court is the commencement of the statutory time period for filing a peremptory challenge to a newly assigned direct calendar judge. (Code Civ. Proc., § 170.6.)[1] We hold the time commences when the parties receive notice of the assignment.

In this proceeding, defendant Motion Picture and Television Fund Hospital (defendant) petitions for issuance of a writ of mandate directing the respondent court to vacate its order accepting a peremptory challenge (§ 170.6) and to deny the challenge as untimely. Following our review of the petition and the relevant case law, we notified the parties to the petition we were considering the issuance of a peremptory writ of mandate in the first instance (*Palma v. U.S. Industrial Fasteners, Inc.* (1984) 36 Cal.3d 171 [203 Cal.Rptr. 626, 681 P.2d 893]; *Lewis v. Superior Court* (1999) 19 Cal.4th 1232 [82 Cal.Rptr.2d 85, 970 P.2d 872]), directing the respondent court to vacate its order accepting the peremptory challenge (§ 170.6) and to enter in its place an order rejecting the untimely filed challenge.

After reviewing the responses received, we conclude the peremptory challenge to the newly assigned judge was untimely and grant the petition.

### DISCUSSION

1. *Factual and procedural background*

Plaintiffs Rose Marie Lopez, Hermi Lopez, and Antonio Barcenas (plaintiffs) filed this action in January 2000. Plaintiffs served the first amended complaint on February 29, 2000. Defendant filed its answer on May 10, 2000. No new parties have been added.

On December 12, 2000, the clerk of the superior court mailed to plaintiffs a notice of case reassignment identifying Judge William F. Highberger as the direct calendaring judge for all purposes, including trial. On December 13, 2000, counsel for plaintiffs mailed a copy of the notice of reassignment to defendant.

Plaintiffs do not allege any attempt to file a peremptory challenge during the statutory time period.

On January 10, 2001, the parties appeared before Judge Highberger for a status conference and a jury trial was scheduled for May 23, 2001. On

---

\*Before Klein, P. J., Croskey, J., and Aldrich, J.

[1] Statutory references are to the Code of Civil Procedure except where otherwise noted.

January 12, 2001, 31 days after the court served notice of the reassignment on plaintiffs and 30 days after plaintiffs mailed notice to defendant, plaintiffs filed the peremptory challenge.

On January 16th, Judge Highberger entered an order finding the peremptory challenge was timely filed and accepted it. Defendant timely filed this petition 10 days after Judge Highberger's January 16th order. (§ 170.3, subd. (d).)[2]

On February 7, 2001, we notified the parties we were considering granting the petition for writ of mandate (see *Palma v. U.S. Industrial Fasteners, Inc., supra,* 36 Cal.3d 171; *Lewis v. Superior Court, supra,* 19 Cal.4th 1232), based on the fact plaintiffs received notice of the assignment on December 13, 2000, but did not file the peremptory challenge until January 12, 2001.

Plaintiffs did not file a formal response to the petition but, on February 9th, filed a letter conceding all facts alleged in the petition, but alleging defendant had omitted a "key fact." Plaintiffs' counsel, with no supporting declaration or documentation, alleged the Los Angeles Superior Court has a practice of rejecting a peremptory challenge filed against a judge at the time notice is given that the judge will be assigned to a specific department or case. According to the unverified allegation in plaintiffs' letter, the superior court requires a party to delay filing a peremptory challenge to a newly assigned judge until that judge is, in fact, hearing cases in the new department.

On February 15th, Frederick R. Bennett, court counsel, filed a letter requesting publication of an opinion on the issue, stating publication would be useful to "provide a clear guideline when advance notice of a reassignment is given." The letter from court counsel does not mention whether the court, in fact, has a practice of rejecting attempts to file a peremptory challenge to a newly assigned judge until the judge actually is presiding in the new department.

On February 27th, defendant filed a reply brief, which brief included an objection to plaintiffs' unverified allegation regarding the superior court's purported policy of rejecting timely filed challenges to newly assigned judges.

---

[2]Subdivision (d) of section 170.3 provides: "The determination of the question of disqualification of a judge is not an appealable order and may be reviewed only by a writ of mandate from the appropriate court of appeal sought within 10 days of notice to the parties of the decision and only by the parties to the proceeding." The 10-day time limitation for appellate review applies to all proceedings involving disqualification of a judicial officer. (*People v. Hull* (1991) 1 Cal.4th 266, 269-276 [2 Cal.Rptr.2d 526, 820 P.2d 1036].)

### 2. *Failure to verify the response*

Plaintiffs did not file a demurrer or verified answer to the petition, responding only by informal letter. In that letter, plaintiffs conceded the accuracy of the facts alleged in the petition but made an unsupported allegation that the respondent court will not accept an affidavit of disqualification against a newly assigned judge until the judge takes his seat in the new department even though the affidavit is timely filed under the specific time period established by statute.

■   When an *unverified* opposition contains new or different facts, not contained in the verified petition or the record, those facts will be ignored. (*Shaffer v. Superior Court* (1995) 33 Cal.App.4th 993, 996, fn. 2 [39 Cal.Rptr.2d 506].)

There is no evidence whatsoever that the purported superior court practice, in fact, exists. In view of plaintiffs' failure to verify the allegation of the court's purported practice and the total absence of supporting evidence in the record, we conclude the allegations must be disregarded.

### 3. *Purported practice conflicts with statutory provisions*

Government Code section 68070, subdivision (a) provides: "Every court may make rules for its own government and the government of its officers not inconsistent with law or with the rules adopted and prescribed by the Judicial Council."   ■   Courts, of course, also have " 'inherent supervisory and administrative powers which enable then to carry out their duties, and which exist apart from any statutory authority.' [Citation.]" (*First State Ins. Co. v. Superior Court* (2000) 79 Cal.App.4th 324, 333 [94 Cal.Rptr.2d 104].) The inherent powers may be exercised only if the procedure or practice of the court is not in conflict with a specified statutory procedure. (*Id.* at p. 334.)

■   The Legislature has enacted detailed procedural statutory requirements regarding the time during which an affidavit to disqualify a judge may be filed. (§ 170 et seq.) Any superior court policy or practice that is in conflict with those statutory time provisions is void. (See *Sierra Craft, Inc. v. Magnum Enterprises, Inc.* (1998) 64 Cal.App.4th 1252, 1255-1256 [75 Cal.Rptr.2d 681]; *Mediterranean Construction Co. v. State Farm Fire & Casualty Co.* (1998) 66 Cal.App.4th 257, 262 [77 Cal.Rptr.2d 781].)

The superior court practice alleged by plaintiffs, even if true and whether practiced courtwide or by individual judges, is in conflict with the detailed procedural scheme established by statute and therefore is invalid.

### 4. *Time for filing affidavit pursuant to section 170.6, subdivision (2)*

In pertinent part, subdivision (2) of section 170.6 provides: "If directed to the trial of a cause that has been assigned to a judge for all purposes, the motion shall be made to the *assigned judge* or to the *presiding judge* by a party within 10 days after *notice* of the all purpose assignment, or if the party has not yet appeared in the action, then within 10 days after the appearance." (Italics added.)

Subdivision (i) of Government Code section 68616 (part of the Trial Court Delay Reduction Act) gives a party an additional five days to file a peremptory challenge in a direct calendar court: "Notwithstanding Section 170.6 of the Code of Civil Procedure, in direct calendar courts, challenges pursuant to that section shall be exercised within 15 days of the party's first appearance. . . ."

"[S]ubdivision (2) of Code of Civil Procedure section 170.6 simply requires a party to exercise a peremptory challenge to a judge assigned for all purposes within 10 days of the assignment, unless that party has not yet appeared in the action. Under that circumstance the challenge must be lodged within 10 days after the party appears. In the typical case, therefore, parties lodge peremptory challenges before the assigned judge conducts any hearings or has had the opportunity to make any rulings." (*Fight for the Rams v. Superior Court* (1996) 41 Cal.App.4th 953, 957 [48 Cal.Rptr.2d 851].)

Government Code section 68616, subdivision (i) unambiguously requires a party to exercise a peremptory challenge "within 15 days of the party's first appearance" in a direct calendar court. Clearly, when a direct calendar assignment is made more than 15 days after a complaint is filed, the 15-day time period begins when the party receives notice of the assignment of the new judge. (*Fight for the Rams v. Superior Court, supra,* 41 Cal.App.4th at pp. 957-958.)

Neither Code of Civil Procedure section 170.6, subdivision (2) nor subdivision (i) of Government Code section 68616 specifies a time limitation where, as here, there is a change in the individual calendar judge assigned to the case after the parties first appeared. The statutes were harmonized in *Stubblefield Construction Co. v. Superior Court* (2000) 81 Cal.App.4th 762 [97 Cal.Rptr.2d 121] in which the court defined "first appearance." "The term 'appearance' has a well-established procedural meaning. A plaintiff appears in an action when the complaint is filed. [Citation.] On the other side, '[a] defendant appears in an action when the defendant answers,

demurs, files a notice of motion to strike . . . gives the plaintiff written notice of appearance, or when an attorney gives notice of appearance for the defendant.' [Citation.] The parties do not 'appear' when an all-purpose judge is assigned or replaced; they are already there. We respect the Legislature's use of the term 'first appearance.' " (*Id.* at p. 768.)

## 5. *Application*

■ The notice sent to plaintiffs' counsel on December 12, 2000, " 'instantly pinpoint[ed]' " the judge who "must be expected to process the case 'in its totality.' " (*People v. Superior Court (Lavi)* (1993) 4 Cal.4th 1164, 1180 [17 Cal.Rptr.2d 815, 847 P.2d 1031].) Nothing in the statutory scheme or case law indicates an exception to the statutory time limit. "[T]he motion shall be made to the assigned judge or to the presiding judge by a party within 10 days after *notice* of the all purpose assignment . . . ." (§ 170.6, subd. (2), italics added.) Subdivision (i) of Government Code section 68616 gives a party an additional five days to file a peremptory challenge in a direct calendar court. Case law has harmonized the statutory provisions establishing the clear rule that where a cause has been assigned to a judge for all purposes after the parties already have appeared in the action, a peremptory challenge to a judge must be filed within 15 days of receiving *notice* of a change in the individual calendar judge assigned to the case. (*Cybermedia, Inc. v. Superior Court* (1999) 72 Cal.App.4th 910, 913 [82 Cal.Rptr.2d 126].)

Section 1013 extends by five days the time to file a peremptory challenge where service is by mail. (*California Business Council v. Superior Court* (1997) 52 Cal.App.4th 1100, 1106 [62 Cal.Rptr.2d 7].) Even though plaintiffs' counsel clearly had actual notice of the all-purpose assignment no later than December 13, 2000, when he forwarded a copy of the court's reassignment notice to defendant's counsel, plaintiffs are entitled to the additional five days for notice by mail.

Plaintiffs therefore had a maximum total of 20 days to file the peremptory challenge. The 20-day period ended January 2, 2001; plaintiffs did not file the peremptory challenge until January 12th, 10 days outside even the maximum time period. The peremptory challenge to Judge Highberger was untimely when filed.

## CONCLUSION

Defendant's entitlement to relief is obvious. The issue is one of law requiring only application of unambiguous language in the statutory scheme and clear case law. We hold, as a matter of law, the time to file a section

170.6 affidavit begins to run when the parties receive notice of the assignment.

All procedural requirements for issuance of the writ in the first instance have been followed. We notified the parties we were considering issuance of a peremptory writ of mandate in the first instance and each party had the opportunity to file a written response and did so (albeit the response of plaintiffs was not verified). Additional briefing is not necessary. Rather, defendant's " ' "entitlement to relief is so obvious that no purpose could reasonably be served by plenary consideration of the issue . . . ." ' [Citation]" (*Lewis v. Superior Court, supra,* 19 Cal.4th at p. 1241.) Accordingly, we grant the petition for writ of mandate in the first instance.

## DISPOSITION

Let a peremptory writ of mandate issue directing the respondent court to vacate the minute order entered on January 16th, and instead, to reject the peremptory challenge as untimely filed. The stay issued by this court on February 7, 2001, is lifted.

No costs are awarded in this proceeding.