Filed 3/28/18

# CERTIFIED FOR PUBLICATION

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| PAUL ARON, | B271271 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. No. SC124344) |
| v. | |
| WIB HOLDINGS et al., | |
| Defendants and Appellants. | |

APPEAL from a judgment of the Superior Court of Los Angeles County. Mitchell L. Beckloff, Judge. Reverse August 8, 2016 order and affirm January 25, 2016 order.

Campbell & Farahani, Frances M. Campbell and Nima Farahani for Plaintiff and Appellant.

Lewis Brisbois Bisgaard & Smith, Rog G. Weatherup, David B. Shapiro, Allison A. Arabian, Linda J. Kim, and V. Alan Arshansky; Rosario Perry, Rosario Perry and Steven Coard for Defendants and Appellants.

Lane Dilg, City Attorney, Adam Radinsky and Gary Rhoades, Deputy City Attorneys for City of Santa Monica and League of California Cities as Amicus Curiae.

This appeal concerns the grant of a new trial motion after entry of an order and judgment granting a special motion to strike the complaint under Code of Civil Procedure section 425.16.[1]  The trial court granted the anti-SLAPP motion on the grounds that the plaintiff's action arose out of an underlying unlawful detainer action, which is protected petitioning activity under section 425.16, and that the plaintiff could not establish a reasonable probability of prevailing on the merits because the defendant's appeal of the underlying unlawful detainer judgment was pending at the time the plaintiff filed the instant action and was still pending at the time of the hearing on the anti-SLAPP motion.  An order and judgment was entered granting the anti-SLAPP motion and dismissing the complaint, and the plaintiff appeals from that judgment and order.

After entry of the judgment in this case, a remittitur was issued in the underlying unlawful detainer case, affirming the judgment.  The plaintiff then filed a motion for a new trial in this case, arguing that the remittitur was newly discovered evidence that he could not reasonably have discovered at the time of the anti-SLAPP hearing.  The trial court granted the new trial motion on that basis.  The defendants appeal from that order.

We reverse the order granting the motion for a new trial and affirm the order and judgment granting the anti-SLAPP motion and dismissing the complaint.

---

[1]     All further statutory references are to the Code of Civil Procedure, unless stated otherwise.  A motion brought pursuant to section 425.16 is commonly referred to as an anti-SLAPP motion.  SLAPP is an acronym for strategic lawsuit against public participation.

## BACKGROUND

**The parties**

Plaintiff Paul Aron (tenant) lives in a rent controlled apartment in the City of Santa Monica which is owned by defendant WIB Holdings (landlord). Defendant Barbara Bills (Bills) manages the rent controlled property and is the principal of WIB Holdings.[2]

**The underlying unlawful detainer action**

Landlord filed an unlawful detainer complaint against tenant on July 1, 2014, alleging that tenant was in possession of an apartment landlord owned in Santa Monica and that tenant had failed to comply with a three-day notice to perform or quit. Attached to the complaint was a three-day notice indicating it was served on tenant on June 23, 2014, and that tenant had breached the conditions of his lease by remodeling his apartment without landlord's permission and without obtaining the requisite city permits. The notice gave tenant three days to complete several tasks, including hiring a licensed contractor at tenant's expense, submitting the contractor's name to landlord for its approval, and having the contractor submit a proposed scope of work and plans to restore the apartment to its original condition. The notice also stated that tenant had been given a warning letter on June 5, 2014, giving tenant until June 19, 2014, to begin restoration of the apartment to its original condition.

The matter proceeded to a jury trial. The jury was given a special verdict form containing eight questions: "1. Do you find that [tenant] . . . replaced his kitchen sink without first obtaining a . . . building permit? [¶] . . . [¶] 2. Did [tenant] . . . fail to cure

---

[2]    WIB Holdings and Bills are referred to collectively as defendants.

the violation of installing the kitchen sink without a building permit . . . ? [¶] . . . [¶] 3. Did [landlord] . . . properly give [tenant] . . . reasonable time before serving [tenant] . . . with . . . 3-Day Notice to Cure or Quit, to enable him to cure the violation of the kitchen sink? [¶] . . . [¶] 4. As of June 23, 2014, had [tenant] . . . painted any part of his apartment; and/or altered his apartment; and/or defaced, damaged or removed any facility, equipment or appurtenance at this apartment? [¶] . . . [¶] 5. As of June 23, 2014, was [tenant]'s . . . painting . . . ; and/or altering . . . ; and/or defacing, damaging, or removal . . . a substantial breach of a material obligation under the rental agreement? [¶] . . . [¶] 6. Do you find through clear and convincing evidence that [landlord] waived . . . the right to evict [tenant]?" With the exception of question 3, the jury answered "yes" to these questions.

The special verdict form instructed the jury that "If your answer to question 6 is 'yes,' answer no further and sign and date this form. If your answer to question 6 is 'no,' answer question 7." Despite answering yes to question 6, the jury failed to follow the instructions and answered yes to question 7: "Did [landlord] maliciously bring this action based upon facts which [landlord] had no reasonable cause to believe were true?"

On February 4, 2015, the court ordered tenant's counsel to prepare a judgment omitting any reference to the jury's answer to question 7. The judgment entered in tenant's favor on February 11, 2015, did not include question 7 or the jury's response thereto. Landlord appealed from that judgment on March 19, 2015.

**The instant action**

While landlord's appeal of the unlawful detainer judgment was pending, tenant filed, on June 18, 2015, the instant action for damages in violation of the Santa Monica Tenant Harassment Ordinance, Santa Monica Municipal Code (S.M.C.C.) sections

4

4.56.010-4.56.050 (the harassment ordinance). The harassment ordinance prohibits landlords from taking certain actions in bad faith, including actions to terminate a tenancy based on facts the landlord has no reasonable cause to believe to be true:

> "No landlord shall, with respect to property used as a rental housing unit under any rental housing agreement or other tenancy or estate at will, however created, do any of the following in bad faith:
>
> "[¶] . . . [¶]
>
> "(i)(1) Take action to terminate any tenancy including service of any notice to quit or other eviction notice or bring any action to recover possession of a rental housing unit based upon facts which the landlord has no reasonable cause to believe to be true or upon a legal theory which is untenable under facts known to the landlord. No landlord shall be liable under this subsection for bringing an action to recover possession unless and until the tenant has obtained a favorable termination of that action."

(S.M.C.C., § 4.56.020(i)(1).)

The harassment ordinance imposes criminal and civil penalties on landlords who violate its provisions. It also authorizes civil actions to enforce those provisions:

> "(a) **Criminal Penalty.** Any person who is convicted of violating this Chapter shall be guilty of a misdemeanor and upon conviction shall be punished by a fine of not greater than one thousand dollars or by imprisonment in the County Jail for not more than six months, or by both such fine and imprisonment.
>
> "(b) **Civil Action.** Any person, including the City, may enforce the provisions of this Chapter by means of a civil action. The burden of proof

shall be preponderance of the evidence. A violation of this Chapter may be asserted as an affirmative defense in an unlawful detainer action.

"[¶] . . . [¶]

"(d) **Penalties and Other Monetary Awards.** Any person who violates or aids or incites another person to violate the provisions of this Chapter is liable for each and every such offense for the actual damages suffered by any aggrieved party or for statutory damages in the sum of between one thousand dollars and ten thousand dollars, whichever is greater, and shall be liable for such attorneys' fees and costs as may be determined by the court in addition thereto. Any violator shall be liable for an additional civil penalty of up to five thousand dollars for each offense committed against a person who is disabled or aged sixty-five or over. The court may also award punitive damages to any plaintiff, including the City, in a proper case as defined by Civil Code Section 3294. The burden of proof for purposes of punitive damages shall be clear and convincing evidence."

(S.M.C.C., § 4.56.040(a), (b), (d).)

**Defendant's anti-SLAPP motion**

Defendants filed a special motion to strike tenant's complaint under section 425.16, arguing that the complaint was based entirely on the filing of the unlawful detainer action, a constitutionally protected right of petition, that the warning letter and three-day notice to quit were protected by the litigation privilege, and that the litigation privilege preempts the harassment ordinance. Defendants

6

further argued that tenant could not demonstrate a reasonable probability of prevailing on the merits because the action was premature, given their appeal from the underlying unlawful detainer action was still pending.

Tenant opposed by arguing that the complaint arose, not out of protected activity, but from landlord's violation of the harassment ordinance, and that the litigation privilege did not apply because tenant's claim sounded in malicious prosecution, which was an exception to the privilege. Tenant also argued that he had a reasonable probability of prevailing because the jury in the underlying unlawful detainer action had found that defendants had "maliciously" brought the unlawful detainer action based upon facts which they had no reasonable cause to believe were true.

**Trial court's ruling on the anti-SLAPP motion**

On January 25, 2016, the trial court granted the anti-SLAPP motion, ruling that tenant's complaint was based on defendants' filing of the unlawful detainer action, a protected activity under section 425.16. The trial court then determined that tenant could not establish a probability of prevailing on his claims because the underlying unlawful detainer judgment was not final in light of landlord's pending appeal of that judgment. The trial court concluded that dismissal of the complaint was the proper remedy under section 425.16 and *Pasternack v. McCullough* (2015) 235 Cal.App.4th 1347 (*Pasternack*). An order and judgment granting the anti-SLAPP motion and dismissing tenant's complaint was filed on March 4, 2018. Tenant filed a notice of appeal from that order and judgment on March 24, 2016.

**Appellate Division affirms the unlawful detainer judgment**

On March 17, 2016, the appellate division of the superior court issued an opinion affirming the underlying unlawful

7

detainer judgment. A remittitur affirming the unlawful detainer judgment was issued on June 10, 2016.

**Tenant's motion for new trial**

On June 30, 2016, tenant filed a motion for a new trial pursuant to section 657, subdivision (4), arguing that the remittitur issued by the superior court's appellate division regarding the unlawful detainer action constituted newly discovered evidence. Tenant further argued that the anti-SLAPP ruling was "against law" under section 657, subdivision (6) because tenant's action was based on defendants' violation of the harassment ordinance. Tenant contended the jury's finding of malice in the unlawful detainer action was relevant and should be considered because it established that defendants had violated the harassment ordinance, which was a criminal statute.

Defendants opposed the motion, arguing (1) that the jury's finding of malice in the unlawful detainer action should not be considered because it was never incorporated into the unlawful detainer judgment, (2) that the alleged violation of the harassment ordinance was not "against law" within the meaning of section 657, subdivision (6), and that there had been no conclusive proof in the unlawful detainer action that defendants had engaged in illegal conduct; (3) that the appellate division's opinion affirming the unlawful detainer judgment was not "newly discovered evidence" within the meaning of section 657, subdivision (4); and (4) tenant's complaint should be dismissed because the judgment in the underlying unlawful detainer action established that landlord had probable cause to evict tenant as a matter of law and because the harassment ordinance was preempted by the litigation privilege.

**Trial court's ruling on the new trial motion**

On August 8, 2016, the trial court granted tenant's new trial motion, ruling that the remittitur issued on June 10, 2016,

8

affirming the underlying unlawful detainer judgment constituted newly discovered evidence within the meaning of section 657, subdivision (4). The trial court determined that because the remittitur did not exist until June 10, 2016, it would have been impossible for tenant to have provided the court with that evidence at the time of the January 2016 hearing on the anti-SLAPP motion, and accordingly there could be "no dispute concerning [tenant's] diligence in discovering and producing the new evidence. The trial court further determined that the remittitur was material evidence because the sole basis for the court's decision to grant the anti-SLAPP motion was the lack of finality of the underlying unlawful detainer action, and the existence of a final judgment undermined that basis.

The trial court acknowledged that it was bound by *Pasternack*, in which the court held that a premature filing cannot be cured, and if the complaint was premature when it was filed, it is subject to dismissal on a special motion to strike. (*Pasternack, supra*, 235 Cal.App.4th at p. 1358.) The trial court reasoned, however, that *Pasternack* was distinguishable: "The Court of Appeal in *Pasternack* was not faced with a situation where the prematurity of a complaint was cured before the trial court's order dismissing the complaint was final. The *Pasternack* court noted that the complaint was 'premature when it was filed and [was] still premature when the special motions to strike were heard.' (*Ibid*.) The *Pasternack* court did not address the legal result when the prematurity was cured by the time the court considered a special motion to strike."

The trial court ordered tenant's complaint to be reinstated and ordered defendants to file a responsive pleading. On September 6, 2016, defendants filed a notice of appeal from the trial court's August 8, 2016 order granting the motion for a new trial "and from all intermediate orders and rulings embraced

within it, including the order of January 25, 2016, granting defendant's motion to strike on only one ground, and the formal order of March 4, 2016.

Tenant filed a protective cross-appeal from the judgment in this action, and moved to consolidate its previous appeal from the January 25, 2016 order granting defendants' anti-SLAPP motion with its protective cross-appeal. We granted tenant's motion and ordered the appeals to be consolidated.

## DISCUSSION

## I. Landlord's appeal of the new trial motion

### A. Applicable law and standard of review

Section 657, subdivision (4) provides: "The verdict may be vacated and any other decision may be modified or vacated, in whole or in part, and a new or further trial granted on all or part of the issues, on the application of the party aggrieved, for any of the following causes, materially affecting the substantial rights of such party: [¶] . . . [¶] (4) Newly discovered evidence, material for the party making the application, which he could not, with reasonable diligence, have discovered and produced at the trial."

"'In ruling on a motion for new trial based on newly discovered evidence, the trial court considers the following factors: "'1. That the evidence, and not merely its materiality, be newly discovered; 2. That the evidence be not cumulative merely; 3. That it be such as to render a different result probable on a retrial of the cause; 4. That the party could not with reasonable diligence have discovered and produced it at the trial; and 5. That these facts be shown by the best evidence of which the case admits.'" [Citations.]' 'In addition, "the trial court may consider the credibility as well as materiality of the evidence in its determination [of] whether introduction of the evidence in a new trial would render a different result reasonably probable."

10

[Citation.]' [Citation.]" (*People v. Howard* (2010) 51 Cal.4th 15, 43.)

A motion for a new trial on the grounds of newly discovered evidence is generally "a matter which is committed to the sound discretion of the trial court," and "a reviewing court will not interfere unless a clear abuse of discretion is shown. [Citation.]" (*Cansdale v. Board of Administration* (1976) 59 Cal.App.3d 656, 667 (*Carnsdale*).) The instant case, however, raises issues as to what constitutes "newly discovered evidence" within the meaning of section 657, subdivision (4), an issue of statutory interpretation that we review de novo. (*Regents of University of California v. Superior Court* (1999) 20 Cal.4th 509, 531.)

### B.  *The remittitur is not newly discovered evidence*

Defendants argue that the appellate division's remittitur affirming the underlying unlawful detainer judgment, issued after the trial court's order granting the anti-SLAPP motion and dismissing tenant's complaint in the instant case, is not newly discovered evidence and cannot be the basis for a new trial because it did not exist at the time of the anti-SLAPP hearing. We agree.

Although there is no definitive California case authority on this issue, at least one appellate court has articulated the general principle that "newly discovered evidence" within the meaning of section 657, subdivision (4) must be evidence that was in existence at the time of the trial or hearing on the dispositive motion:  "Normally, to support a motion for a new trial on this ground, the court must determine if the evidence was in existence at the time of the trial and could not have been discovered with reasonable diligence." (*Cansdale, supra,* 59 Cal.App.3d at p. 667.) That a court ruling on a new trial motion pursuant to section 657, subdivision (4) must first determine whether the proffered evidence existed at the time of trial is consistent with

11

the statutory language that the evidence be "newly discovered." Implicit in that term is the concept that the evidence existed, but remained undiscovered at the time of trial. The remittitur affirming the underlying unlawful detainer judgment is of an entirely different nature. It did not exist at the time of the anti-SLAPP hearing, because it was based on an event that had not yet occurred.

The cases on which tenant relies in support of his position, *Kabran v. Sharp Memorial Hospital* (2017) 2 Cal.5th 330 (*Kabran*) and *Scott v. Farrar* (1983) 139 Cal.App.3d 462 (*Scott*), are distinguishable and do not persuade us that the remittitur should be considered newly discovered evidence. In *Kabran,* a jury found the defendant hospital negligent in a medical malpractice action but also found that such negligence was not a substantial factor in causing the plaintiff's injuries. (*Kabran, supra,* at p. 333.) After the trial, the plaintiff died, and an autopsy revealed evidence that his widow claimed undermined the jury's causation determination. (*Ibid.*) The widow moved for a new trial on the basis of this evidence, and the trial court granted the motion. (*Ibid.*) The newly discovered evidence in *Kabran* -- the plaintiff's physical condition -- existed at the time of trial but could not be discovered without an autopsy. In contrast, the remittitur in the instant case did not exist at the time of the trial court's ruling on the anti-SLAPP motion.

*Scott* is similarly distinguishable. That case involved a school crossing guard's alleged negligence in an action by an injured child. After the plaintiffs noticed the deposition of a key witness, the defendant filed a motion for summary judgment, noticing the motion for a date in advance of the deposition. (*Scott, supra*, 139 Cal.App.3d at p. 465.) Although the plaintiffs opposed the summary judgment motion, they did not seek a continuance to enable them to take the deposition prior to the

12

hearing on the motion. After judgment was entered, the plaintiffs filed a motion for a new trial based on evidence obtained during the witness's post-hearing deposition, but the trial court denied the motion. The Court of Appeal reversed, concluding the plaintiffs had acted with reasonable diligence in discovery, given the time constraints in opposing the summary judgment motion. (*Id.* at p. 468.) The evidence proffered in *Scott* was the testimony of a key witness who could attest to events that occurred at the time of the accident, and whom plaintiffs had identified and noticed for deposition before the trial. In contrast, the remittitur proffered in the instant case did not exist at the time of the anti-SLAPP hearing, because landlord's appeal of the underlying unlawful detainer judgment was still pending.

Case law interpreting rule 60(b)(2) of the Federal Rules of Civil Procedure (FRCP), an analogous federal statute, supports our interpretation of Code of Civil Procedure section 657, subdivision (4). FRCP rule 60(b)(2), like section 657, subdivision (4), enables a party to obtain relief from a judgment, order, or proceeding based on "newly discovered evidence that, with reasonable diligence, could not have been discovered."[3] Federal courts construing the term "newly discovered evidence" under FRCP rule 60(b)(2) have uniformly held that evidence of events occurring after the trial is not newly discovered evidence. (See, e.g., *Corex Corp. v. United States* (9th Cir. 1981) 638 F.2d 119, 121; *United States ex rel. Harman v. Trinity Indus.* (5th Cir.

---

[3] FRCP rule 60(b)(2) provides in relevant part: "On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: [¶] . . . [¶] (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time for a new trial under Rule 59(b)." Rule 59(b) states that "[a] motion for a new trial must be filed no later than 28 days after the entry of judgment."

13

2017) 872 F.3d 645, 652; *United States v. Hall* (D.C. Cir. 2003) 324 F.3d 720; 11 Wright, et al., Fed. Practice & Procedure (3d. ed. 2012) § 2859, p. 387, fn. 5.)

The remittitur affirming the underlying unlawful detainer judgment, issued after the trial court's ruling and order granting the anti-SLAPP motion, was not "newly discovered evidence" within the meaning of section 657, subdivision (4). The trial court abused its discretion by granting tenant's motion for a new trial on that basis.

### C. *The trial court's ruling is contrary to* **Pasternack**

The trial court's ruling granting the new trial motion on the basis of the remittitur also conflicts with *Pasternack*, an appellate decision by which the trial court was bound. In that case, the plaintiff, Pasternack, was sued by a contractor in an underlying collection action concerning the construction of a home. Pasternack cross-complained against the contractor for fraudulently concealing construction defects. The contractor's collection claim was bifurcated from Pasternack's cross-complaint, tried separately, and adjudicated in Pasternack's favor. No judgment was entered in favor of Pasternack on the collection claim, however, because his cross-complaint against the contractor was still pending. (*Pasternack, supra*, 235 Cal.App.4th at pp. 1352-1353.)

While his cross-complaint against the contractor in the underlying action was still pending, Pasternack sued the contractor and others for malicious prosecution, alleging that the underlying collection claim was filed maliciously, without probable cause, and for the sole purpose of extracting a general release. (*Pasternack, supra,* 235 Cal.App.4th at p. 1353.) The defendants filed special motions to strike the complaint, and the trial court granted the anti-SLAPP motions. (*Ibid.*) The appellate court affirmed the order granting the anti-SLAPP

14

motions, stating as follows: "Pasternack's malicious prosecution complaint was not *rendered* premature by the filing of an appeal in the underlying action; it was premature *when* it was filed and was still premature when the special motions to strike were heard. The proper remedy, here, we believe, is to affirm the order dismissing Pasternack's malicious prosecution complaint . . . . Pasternack chose not to wait until his malicious prosecution claim had accrued before filing and proceeding on his malicious prosecution complaint. He should bear the consequences of that decision." (*Id.* at p. 1358, italics added.)

The *Pasternack* court's reasoning applies equally here. Tenant chose to file his complaint against landlord before his cause of action to enforce the harassment ordinance had accrued. His complaint was properly dismissed for that reason. (*Pasternack, supra*, 235 Cal.App.4th at p. 1358.) Reinstating the complaint because tenant's cause of action accrued after landlord's anti-SLAPP motion had been granted and a judgment of dismissal had been entered conflicts with the court's holding in *Pasternack*.

We are not persuaded by the trial court's reasons for distinguishing *Pasternack*. Tenant's action was premature when the trial court granted the anti-SLAPP motion and remained premature when the judgment dismissing his complaint was entered. Tenant's cause of action accrued while his appeal of the judgment entered against him in this action was pending, but for reasons discussed, the subsequent accrual of his cause of action was not a valid basis for reinstating his complaint.

The trial court abused its discretion by granting the motion for a new trial and reinstating tenant's complaint.[4]

---

[4]     In view of our holding we do not address defendants' arguments regarding alternative grounds on which the trial court could have denied the motion for a new trial.

15

## II. Tenant's appeal of the anti-SLAPP ruling

Tenant argues that if the order granting his motion for a new trial is reversed, his appeal from the judgment and order granting the anti-SLAPP motion and dismissing his complaint should be heard. We therefore address tenant's arguments that his complaint does not come within the ambit of the anti-SLAPP statute, and even if it does, he established a reasonable probability of prevailing on the merits.

### A. *Applicable law and standard of review*

Section 425.16 was enacted "to provide for the early dismissal of unmeritorious claims filed to interfere with the valid exercise of the constitutional rights of freedom of speech and petition for the redress of grievances. [Citation.]" (*Club Members for an Honest Election v. Sierra Club* (2008) 45 Cal.4th 309, 315 (*Club Members*).) As relevant here, subdivision (b)(1) of section 425.16 provides: "A cause of action against a person arising from any act of that person in furtherance of the person's right of petition or free speech under the United States Constitution or the California Constitution in connection with a public issue shall be subject to a special motion to strike, unless the court determines that the plaintiff has established that there is a probability that the plaintiff will prevail on the claim."

Determining whether section 425.16 bars a given cause of action requires a two-step analysis. (*Navellier v. Sletten* (2002) 29 Cal.4th 82, 88 (*Navellier*).) First, the court must decide whether the party moving to strike a cause of action has made a threshold showing that the cause of action "aris[es] from any act . . . in furtherance of the [moving party's] right of petition or free speech." (§ 425.16, subd. (b)(1); *Navellier, supra*, at p. 88.) "'A cause of action "arising from" [a] defendant's litigation activity may appropriately be the subject of a section 425.16 motion to strike.' [Citations.] 'Any act' includes communicative conduct

16

such as the filing, funding, and prosecution of a civil action. [Citation.]" (*Rusheen v. Cohen* (2006) 37 Cal.4th 1048, 1056 (*Rusheen*).)  The scope of the statute is broad.  In authorizing the filing of a special motion to strike, the Legislature "expressly provided that section 425.16 should 'be construed broadly.' [Citations.]" (*Club Members, supra*, 45 Cal.4th at p. 315.)

If the court finds that a defendant has made the requisite threshold showing, the burden then shifts to the plaintiff to demonstrate a "probability that the plaintiff will prevail on the claim." (§ 425.16, subd. (b)(1); *Navellier, supra*, 29 Cal.4th at p. 88.)  In order to demonstrate a probability of prevailing, a party opposing a special motion to strike under section 425.16 ""must demonstrate that the complaint is both legally sufficient and supported by a sufficient prima facie showing of facts to sustain a favorable judgment if the evidence submitted by the plaintiff is credited."' [Citation.]" (*Jarrow Formulas, Inc. v. LaMarche* (2003) 31 Cal.4th 728, 741, fn. omitted.)

A trial court's order granting a special motion to strike under section 425.16 is reviewed de novo.  (*ComputerXpress, Inc. v. Jackson* (2001) 93 Cal.App.4th 993, 999.)

### B. Tenant's cause of action against landlord arose from protected activity

Tenant's cause of action asserted against landlord for violation of the harassment ordinance arises out of landlord's filing of the underlying unlawful detainer action -- protected petitioning activity under section 425.16.  Filing a lawsuit is an exercise of a party's constitutional right of petition. (*Briggs v. Eden Council for Hope & Opportunity* (1999) 19 Cal.4th 1106, 1115 (*Briggs*); *Chavez v. Mendoza* (2001) 94 Cal.App.4th 1083, 1087 (*Chavez*).)  ""[T]he constitutional right to petition . . . includes the basic act of filing litigation or otherwise seeking administrative action."' [Citations.]" (*Briggs, supra*, at

p. 1115.) Thus, "a cause of action arising from a defendant's alleged improper filing of a lawsuit may appropriately be the subject of a section 425.16 motion to strike. [Citation.]" (*Chavez, supra*, at p. 1087.)

Not all petitioning activity is protected, however, by the anti-SLAPP statute. (*Flatley v. Mauro* (2006) 39 Cal.4th 299, 313 (*Flatley*).) "[S]ection 425.16 cannot be invoked by a defendant whose assertedly protected activity is illegal as a matter of law and, for that reason, not protected by constitutional guarantees of free speech and petition." (*Id.* at p. 317.) "This exclusion from the anti-SLAPP statute's protections may be applied only when 'the defendant concedes, or the evidence conclusively establishes, that the assertedly protected speech or petition activity was illegal *as a matter of law.*' [Citation.]" (*Collier v. Harris* (2015) 240 Cal.App.4th 41, 55, quoting *Flatley,* at p. 320.) "'"[I]llegal" in this context refers to criminal conduct; merely violating a statute is not sufficient because the broad protection the anti-SLAPP statute provides for constitutional rights would be significantly undermined if all statutory violations were exempt from the statute. [Citation.] In establishing this exclusion from the anti-SLAPP statute, the Supreme Court [in *Flatley*] "emphasize[d] that the question of whether the defendant's underlying conduct was *illegal* as a matter of law is preliminary, and unrelated to the second prong question of whether the plaintiff has demonstrated a probability of prevailing, and [that] the showing required to establish conduct *illegal* as a matter of law -- either through [the] defendant's concession or by uncontroverted and conclusive evidence -- is not the same showing as the plaintiff's second prong showing of probability of prevailing.'" [Citation.]" (*Collier, supra,* at p. 54.)

Tenant argues that his action against defendants does not come within the ambit of the anti-SLAPP statute because it is

based on acts by defendants that constitute a misdemeanor under the harassment ordinance and that are accordingly illegal as a matter of law. He cites the jury's affirmative response to question 7 of the special verdict form asking whether the unlawful detainer action was brought with malice based upon facts which landlord had no reasonable cause to believe were true as evidence of illegality.

The jury's answer to question 7 on the special verdict form does not conclusively establish that defendants' actions were illegal. Rather, the jury's responses to questions 1, 2, 4, and 5, indicate that landlord's unlawful detainer action may justifiably have been based on tenant's material breach of his obligations under the rental agreement. The jury's responses on the special verdict form create questions of fact that preclude us from concluding that landlord's conduct violated the harassment ordinance as a matter of law. (See *Collier, supra,* 240 Cal.App.4th at p. 56.) The evidence does not conclusively establish that defendants' assertedly protected petitioning activity was illegal as a matter of law, and defendants do not concede illegality. The trial court accordingly did not err by concluding that tenant's cause of action against landlord was based on protected petitioning activity that comes within the ambit of the anti-SLAPP statute.

### C. Tenant failed to demonstrate a reasonable probability of prevailing

Because the trial court correctly determined that tenant's claims against defendants arose from conduct that is protected under section 425.16, we address tenant's arguments as to whether he met his burden of "demonstrat[ing] a probability of prevailing on the claim[s]." (*Equilon Enterprises v. Consumer Cause, Inc.* (2002) 29 Cal.4th 53, 67.) To satisfy this burden, "the plaintiff must 'state[] and substantiate[] a legally sufficient

19

claim.' [Citation.] 'Put another way, the plaintiff "must demonstrate that the complaint is both legally sufficient and supported by a sufficient prima facie showing of facts to sustain a favorable judgment if the evidence submitted by the plaintiff is credited."' [Citation.]" (*Jarrow, supra*, 31 Cal.4th at p. 741, fn. omitted.) In doing so, the court considers the pleadings and evidentiary submissions of both the plaintiff and the defendant. (*Wilson v. Parker, Covert & Chidester* (2002) 28 Cal.4th 811, 821.)

Because landlord's appeal of the underlying unlawful detainer action was still pending when tenant filed the instant lawsuit, tenant's action was premature when it was filed and remained premature when the trial court granted the special motion to strike, tenant was unable to establish at the time of the anti-SLAPP hearing that he had "obtained a favorable termination" of the underlying unlawful detainer action, a prerequisite to establishing landlord's liability under the harassment ordinance. (S.M.C.C., § 4.56.020(i)(1).) Tenant's inability to establish this element of his action to enforce the harassment ordinance was a valid basis for granting the anti-SLAPP motion and dismissing his complaint. (*Pasternack, supra,* 235 Cal.App.4th at pp. 1355-1358.) The trial court accordingly did not err by granting the anti-SLAPP motion and dismissing the complaint.[5]

---

[5]   We do not address defendants' arguments regarding alternative grounds on which the anti-SLAPP motion could have been granted.

## DISPOSITION

The August 8, 2016 order granting the motion for a new trial is reversed. The January 25, 2016 order and judgment granting the anti-SLAPP motion and dismissing tenant's complaint is affirmed. Defendants shall recover their costs on appeal.

## CERTIFIED FOR PUBLICATION

_____, J.
CHAVEZ

We concur:


_____, Acting P. J.
ASHMANN-GERST


_____, J.
HOFFSTADT