Filed 5/10/22  Ortiz v. Eisler CA2/5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| YAZMIN ORTIZ,<br><br>　　　Plaintiff and Appellant,<br><br>　　v.<br><br>RUDY EISLER et al.,<br><br>　　　Defendants and Respondents. | B303780<br><br>(Los Angeles County<br>Super. Ct. No. SC125247) |

APPEAL from an order of the Superior Court of Los Angeles County, Craig D. Karlan, Judge.  Affirmed in part, reversed in part.

Yazmin Ortiz, self-represented litigant, for Plaintiff and Appellant.

Citron & Citron, Thomas H. Citron and Katherine A. Tatikian for Defendants and Respondents.

# I.  INTRODUCTION

Plaintiff Yazmin Ortiz appeals from an order granting, in part, a special motion to strike pursuant to Code of Civil Procedure section 425.16, the anti-SLAPP statute.[1]  We reverse, in part, as to the 12th cause of action to the extent it concerns activity not protected by the anti-SLAPP statute.  We otherwise affirm.

# II.  BACKGROUND

A.  *Unlawful Detainer Action*

In March 1995, plaintiff entered into a rental agreement with defendant Rudy Eisler for a unit within an apartment building located in Santa Monica (the property).  The property was owned by defendants Stephen B. Eisler and Theresa A. Eisler as trustees of the Eisler Family 2000 Living Trust, and Rudy Eisler and Wendy Lou Eisler as trustees of the Eisler Living Trust (the Eislers).  In May 2015, the Eislers filed an unlawful detainer action (the unlawful detainer action) against plaintiff for failure to pay rent.  In August 2015, the Eislers filed the second amended complaint in the unlawful detainer action.  They alleged that plaintiff was served with a three-day notice to

---

[1]  Further statutory references are to the Code of Civil Procedure unless otherwise indicated.

"A 'SLAPP' is a '"strategic lawsuit against public participation"' [citation], and special motions to strike under section 425.16 are commonly referred to as '[a]nti-SLAPP motions' [citation]."  (*Bonni v. St. Joseph Health System* (2021) 11 Cal.5th 995, 1007, fn. 1 (*Bonni*).)

pay rent or quit and that she owed past-due rent in the amount of $3,371.91. The Eislers also sought forfeiture of the rental agreement, reasonable attorney fees, possession of the property, and damages.

On December 4, 2015, a court entered judgment in favor of the Eislers on the unlawful detainer action. Plaintiff appealed, and the Appellate Division of the Los Angeles County Superior Court affirmed.

B.    *Plaintiff's First Amended Complaint*

On December 4, 2017, plaintiff filed her first amended complaint alleging 19 causes of action against defendants.[2] Only the fifth, sixth, both 10th (plaintiff alleged two separate 10th causes of action), 12th, 13th, and 16th causes of action are relevant for purposes of this appeal. We will discuss the allegations in plaintiff's complaint in further detail below.

C.    *Anti-SLAPP Motion*

On March 12, 2019, defendants filed a special motion to strike the causes of action listed above. They asserted that each of the challenged causes of action arose from protected activity, specifically, defendants' filing of the unlawful detainer action. Defendants also argued that plaintiff could not demonstrate a

---

[2]    Plaintiff named as defendants the Eislers, Robert and Carole Sundeen, Dustin Wells, Eisler Investments, and West End Properties. Wells was a former attorney for the Eislers and the Sundeens, Eisler Investments, and West End Properties were the managers of the property.

3

probability of success on the merits of those causes of action because, among other arguments, defendants' alleged conduct was protected by the litigation privilege (Civ. Code, § 47, subd. (b)).

On November 5, 2019, plaintiff filed her opposition to the anti-SLAPP motion. She asserted that "plaintiff's causes of action do not arise from acts in furtherance of defendant[s'] right to free speech on a public issue" (original emphasis and capitalization omitted). She also contended that "'she would [prevail] due to the fact that she had a full legal defense to the unlawful detainer as a matter of law . . . .'" But in discussing the purported minimal merits of her causes of action, she only listed the elements of a cause of action for the intentional infliction of emotional distress claim and negligence, neither of which was the subject of defendants' anti-SLAPP motion.

On November 19, 2019, the trial court conducted a hearing on the anti-SLAPP motion. After taking the matter under submission, the court issued its ruling. The court found that the conduct at issue in the fifth, both 10th, 12th, 13th, and 16th causes of action arose from defendants' filing and prosecution of the unlawful detainer action and were therefore protected activity. The court concluded, however, that only a portion of plaintiff's sixth cause of action arose from the unlawful detainer action. It also found that plaintiff failed to demonstrate a probability of success on the merits of any of these causes of action because she failed to make any relevant argument in her opposition. The court therefore granted the anti-SLAPP motion as to the fifth, both 10th, 12th, 13th, and 16th causes of action in full, and, for the sixth cause of action, in part, ordering that only "the allegations relat[ed] to the institution of the unlawful

4

detainer action" be stricken. On January 21, 2020, plaintiff filed a notice of appeal.

## III.  DISCUSSION

### A.    *The Anti-SLAPP Procedure*

"'[The anti-SLAPP] statute authorizes a special motion to strike a claim "arising from any act . . . in furtherance of the [plaintiff's] right of petition or free speech under the United States Constitution or the California Constitution in connection with a public issue." (§ 425.16, subd. (b)(1).)' (*Wilson*[ *v. Cable News Network, Inc.* (2019)] 7 Cal.5th [871,] 883–884.) [¶] Litigation of an anti-SLAPP motion involves a two-step process. First, 'the moving defendant bears the burden of establishing that the challenged allegations or claims "aris[e] from" protected activity in which the defendant has engaged.' (*Park*[ *v. Board of Trustees of California State University* (2017)] 2 Cal.5th [1057,] 1061 [(*Park*)].) Second, for each claim that does arise from protected activity, the plaintiff must show the claim has 'at least "minimal merit."' (*Ibid.*) If the plaintiff cannot make this showing, the court will strike the claim." (*Bonni, supra*, 11 Cal.5th at p. 1009.) We review de novo the grant or denial of an anti-SLAPP motion. (*Park, supra,* 2 Cal.5th at p. 1067.)

### B.    *First Prong—Protected Activity*

"A claim arises from protected activity when that activity underlies or forms the basis for the claim. [Citations.] Critically, 'the defendant's act underlying the plaintiff's cause of action must

5

*itself* have been an act in furtherance of the right of petition or free speech.' [Citations.] '[T]he mere fact that an action was filed after protected activity took place does not mean the action arose from that activity for the purposes of the anti-SLAPP statute.' [Citations.] Instead, the focus is on determining what 'the defendant's activity [is] that gives rise to his or her asserted liability—and whether that activity constitutes protected speech or petitioning.' [Citation.] 'The only means specified in section 425.16 by which a moving defendant can satisfy the ["arising from"] requirement is to demonstrate that *the defendant's conduct by which plaintiff claims to have been injured* falls within one of the four categories described in subdivision (e) . . . .' [Citation.] In short, in ruling on an anti-SLAPP motion, courts should consider the elements of the challenged claim and what actions by the defendant supply those elements and consequently form the basis for liability." (*Park, supra,* 2 Cal.5th at pp. 1062–1063.)

"Analysis of an anti-SLAPP motion is not confined to evaluating whether an entire cause of action, as pleaded by the plaintiff, arises from protected activity or has merit. Instead, courts should analyze each claim for relief—each act or set of acts supplying a basis for relief, of which there may be several in a single pleaded cause of action—to determine whether the acts are protected and, if so, whether the claim they give rise to has the requisite degree of merit to survive the motion." (*Bonni, supra,* 11 Cal.5th at p. 1010.)

It is well-settled that the filing of an unlawful detainer action and service of a three-day notice to quit are protected activities. (See *Aron v. WIB Holdings* (2018) 21 Cal.App.5th 1069, 1083 (*Aron*); *Feldman v. 1100 Park Lane Associates* (2008)

6

160 Cal.App.4th 1467, 1480 (*Feldman*).)  Thus, we examine the pleadings to determine whether the challenged causes of action are based on these protected activities.

      1.      Fifth Cause of Action:  Civil Code section 1942.5

In her fifth cause of action, plaintiff alleged that defendants retaliated against her for making complaints about the tenantability of the property, in violation Civil Code section 1942.5.  In order to prevail on this cause of action, a plaintiff must show that "the lessor retaliate[d] against the lessee because of the exercise by the lessee of the lessee's rights under this chapter or because of the lessee's complaint to an appropriate agency as to tenantability of a dwelling, and if the lessee of a dwelling is not in default as to the payment of rent . . . ."  (*Id.*, § 1942.5, subd. (a); see *Winslett v. 1811 27th Avenue LLC* (2018) 26 Cal.App.5th 239, 247.)

According to plaintiff's first amended complaint, defendants "commenced an ongoing campaign of harassment and retaliation, including the filing of unlawful detainer/eviction actions against" her.  Plaintiff, however, did not allege any acts of harassment or retaliation other than the filing of the unlawful detainer action.  The conduct alleged in the fifth cause of action therefore all arose from protected activity.

      2.      Sixth Cause of Action:  Breach of the Covenant of
                   Quiet Enjoyment

In her sixth cause of action, plaintiff alleged a breach of the covenant of quiet enjoyment.  "'In the absence of language to the

contrary, *every lease* contains an implied covenant of quiet enjoyment, whereby the landlord impliedly covenants that the tenant shall have quiet enjoyment and possession of the premises.'" (*Ginsberg v. Gamson* (2012) 205 Cal.App.4th 873, 896; Civ. Code, § 1927.)  The covenant of quiet enjoyment can be breached upon actual or constructive eviction of a tenant. (*Erlach v. Sierra Asset Servicing, LLC* (2014) 226 Cal.App.4th 1281, 1299.)

According to plaintiff, defendants breached the covenant of quiet enjoyment by, among other things, "instituting unlawful detainer/eviction actions" against her.  Accordingly, to the extent this cause of action is based on defendants' filing of the unlawful detainer action, it is subject to the anti-SLAPP statute.  (See *Olivares v. Pineda* (2019) 40 Cal.App.5th 343, 352 [finding breach of quiet enjoyment cause of action arose from protected activity; conduct at issue was filing of unlawful detainer action].)

3.      Tenth Cause of Action (First):  Malicious Prosecution

In this cause of action, plaintiff alleged that defendants engaged in malicious prosecution by filing the unlawful detainer action.  "To prevail in a malicious prosecution action under California law, a malicious prosecution plaintiff (the defendant in the underlying action) must show that (1) the plaintiff in the underlying action pursued a claim with subjective malice, (2) the claim was brought without objective probable cause, and (3) the underlying action was terminated on the merits in favor of the defendant." (*Lane v. Bell* (2018) 20 Cal.App.5th 61, 63–64.)  It is well-settled that a defendant in a malicious prosecution cause of action meets its burden of demonstrating the first prong of the

8

anti-SLAPP statute.  (*Citizens of Humanity, LLC v. Ramirez* (2021) 63 Cal.App.5th 117, 127; *Area 55, LLC v. Nicholas & Tomasevic, LLP* (2021) 61 Cal.App.5th 136, 151.)

> 4.    Tenth Cause of Action (Second):  Santa Monica Charter Amendment section 1806

Section 1806 of the Santa Monica Charter Amendment regulates the process by which landlords evict tenants in Santa Monica.  Plaintiff alleged that defendants violated section 1806 by serving the three-day notice to pay rent or quit, instituting an unlawful detainer action against her, threatening to terminate her tenancy, and demanding possession of the property.  Again, all such conduct was is in furtherance of protected activity.  (*Feldman*, *supra*, 160 Cal.App.4th at p. 1480.)

> 5.    Twelfth Cause of Action:  Santa Monica Charter Amendment section 1809

Section 1809 of the Santa Monica Charter Amendment provides for civil remedies by tenants against landlords who demand rent in excess of the maximum allowed.  Specifically, section 1809 provides in pertinent part:  "Any landlord who demands, accepts, receives, or retains any payment of rent in excess of the maximum lawful rent, in violation of the provisions of this Article or any rule, regulation or order hereunder promulgated, including the provisions ensuring compliance with habitability standards and registration fee requirements, shall be liable in a civil action to the tenant from whom such payments are demanded, accepted, received or retained . . . ."

9

Plaintiff alleged that "[d]efendants violated Santa Monica Charter Amendment § 1809 by their demand that [p]laintiff pay increased rent in the sum [*sic*] and by institution of the unlawful detainer action for [p]laintiff's failure to pay said increased rent which is in excess of the current lawful maximum . . . ." Plaintiff further alleged that defendants "intended to circumvent" section 1809 by attempting to evict her and filing the unlawful detainer action and notice-to-quit.

The portions of plaintiff's 12th cause of action premised on defendants' acts of filing the unlawful detainer action and the notice-to-quit were based on conduct that arose from protected activity. (See *Aron*, *supra*, 21 Cal.App.5th at p. 1083 [tenant's cause of action against landlord for violation of harassment ordinance arose out of unlawful detainer action].) Plaintiff's allegation that defendants demanded rent in excess of the maximum lawful rent, however, did not arise from protected activity. (See, e.g., *Clark v. Mazgani* (2009) 170 Cal.App.4th 1281, 1288 [finding first prong of anti-SLAPP not met because plaintiff's lawsuit was based on unlawful eviction, not the filing of unlawful detainer].) Accordingly, we will reverse the trial court, in part, as to the portion of plaintiff's cause of action premised on defendants' alleged act of demanding rent in excess of the legal maximum pursuant to section 1809 of the Santa Monica Charter Amendment.

6. Thirteenth Cause of Action: Breach of Rental Agreement

"'The standard elements of a claim for breach of contract are[:] "(1) the contract, (2) plaintiff's performance or excuse for

10

nonperformance, (3) defendant's breach, and (4) damage to plaintiff therefrom. [Citation.]" [Citation.]'" (*Darbun Enterprises, Inc. v. San Fernando Community Hospital* (2015) 239 Cal.App.4th 399, 409.) Plaintiff alleged that defendants breached the rental agreement by refusing to accept plaintiff's tender of rent and "sought to evict [p]laintiff by way of the unlawful detainer [cause of] action for failure to pay rent . . . ." Such activity is in furtherance of activity protected by the anti-SLAPP statute. (See *Feldman*, *supra*, 160 Cal.App.4th at pp. 1483–1484 ["conduct alleged to constitute a breach of contract may also come within the statutory protections for protected speech or petitioning"].)

> 7.  Sixteenth Cause of Action: Unlawful Business Practices

A cause of action under Business and Professions Code section 17200 ""to redress an unlawful business practice 'borrows' violations of other laws and treats these violations, when committed pursuant to business activity, as unlawful practices independently actionable under [Business and Professions Code] section 17200 et seq. and subject to the distinct remedies provided thereunder."'" (*Paulus v. Bob Lynch Ford, Inc.* (2006) 139 Cal.App.4th 659, 677.) Plaintiff alleged defendants' unlawful business practice was to "deceive[ ] [p]laintiff as to their true purposes [of] evicting [her] from the Premises, which true purpose [was] the illegal conversion [of the building] . . . into a non rent-controlled rental unit." The "activity . . . in furtherance of the unlawful business practice" about which plaintiff complained was the service of the notice to quit and the filing and

11

service of the complaint in the unlawful detainer action. As discussed, the filing of the notice and the unlawful detainer action are protected activity under the anti-SLAPP statute. (See *Golden State Seafood, Inc. v. Schloss* (2020) 53 Cal.App.5th 21, 32 [finding first prong met for unlawful business practice cause of action based on protected activity].)

D.     *Second Prong—Probability of Success*

"To establish the requisite probability of prevailing, the plaintiff need only have ""stated and substantiated a legally sufficient claim."" (*Navellier*[ *v. Sletten* (2002)] 29 Cal.4th [82,] 88.) "'Put another way, the plaintiff 'must demonstrate that the complaint is both legally sufficient and supported by a sufficient prima facie showing of facts to sustain a favorable judgment if the evidence submitted by the plaintiff is credited.'"" (*Id.* at pp. 88–89.) The plaintiff need only establish that his or her claim has minimal merit to avoid being stricken as a SLAPP. (*Soukup v. Law Offices of Herbert Hafif* (2006) 39 Cal.4th 260, 291 . . . .) Nevertheless, a plaintiff cannot simply rely on his or her pleadings, even if verified. Rather, the plaintiff must adduce competent, admissible evidence." (*Grenier v. Taylor* (2015) 234 Cal.App.4th 471, 480.)

Plaintiff devotes much of her brief to responding to one of defendants' arguments, raised in the trial court, that plaintiff could not prevail on her causes of action because they are barred by the doctrine of collateral estoppel and res judicata. The trial court, however, did not grant the anti-SLAPP motion on the basis of collateral estoppel or res judicata and thus plaintiff's arguments are misplaced. The court instead found plaintiff's

12

opposition "ma[de] no argument whatsoever as to the merits of" the causes of action at issue in defendants' motion. Plaintiff on appeal likewise makes no cogent argument as to how her causes of action have minimal merit. We therefore conclude that plaintiff has waived any such argument on appeal. (*Cahill v. San Diego Gas & Electric Co.* (2011) 194 Cal.App.4th 939, 956.)

E.    *Other Matters*

Plaintiff additionally argues that the trial court erred by declaring her a vexatious litigant pursuant to section 391.7, subdivision (a) on January 26, 2021. That order was filed one year after plaintiff filed the notice of appeal in this case. Thus, it is not a subject of this appeal.

Plaintiff additionally challenges defendants' request for attorney fees. She concedes, however, that she "does not know how the trial court will rule on [defendants'] motion [for attorney fees] as this hearing has not occurred but she feels the amount of over $60[,000] is excessive, unreasonable and padding, and should not be allowed if the laws are to be followed." Because this appeal does not include a challenge of any attorney fee order, plaintiff's contention is not ripe for adjudication. (*Redondo Beach Waterfront, LLC v. City of Redondo Beach* (2020) 51 Cal.App.5th 982, 1000.)

13

# IV.  DISPOSITION

The order granting the special motion to strike in part is reversed in part as to the 12th cause of action with respect to defendants' alleged act of demanding rent in excess of the legal maximum pursuant to section 1809 of the Santa Monica Charter Amendment.  We otherwise affirm.  In the interests of justice, the parties are to bear their own costs.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS


KIM, J.


We concur:



RUBIN, P. J.



BAKER, J.