Filed 3/9/26  Zeng v. Wang CA1/5

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIRST APPELLATE DISTRICT

## DIVISION FIVE

| | |
|---|---|
| YING MAGGIE ZENG,<br><br>  Plaintiff and Respondent,<br><br>v.<br><br>ALBERT WANG,<br><br>  Defendant and Appellant. | A171862 / A172228<br><br><br>(Sonoma County<br>Super. Ct. No. SFL-089930) |

In case No. A171862, defendant Albert Wang appeals from an order granting plaintiff and respondent Ying Maggie Zeng's motion for a new trial on her request to renew a domestic violence restraining order (DVRO).  (Fam. Code, § 6345.)[1]  In case No. A172228, Wang appeals from an order renewing the DVRO and adding the parties' daughter (Daughter) as a protected person. On our own motion, we consolidated these appeals for decision.

We affirm the new trial order because Wang has not established an abuse of discretion.  But we reverse the order renewing the DVRO to the extent it adds Daughter as a protected person, because Wang did not receive

---

[1] Except where otherwise indicated, all statutory references are to the Family Code.

1

notice or a meaningful opportunity to be heard on whether a renewed DVRO should cover Daughter. We affirm the renewed DVRO in all other respects.

## I. FACTS AND PROCEDURAL HISTORY

### A. Background

Zeng and Wang were married in 2005. They divorced in 2013 pursuant to proceedings in Orange County Superior Court. The case was transferred in 2021 to Sonoma County, where Zeng was living with Daughter.

While the transfer to Sonoma County was pending, Zeng filed a new DVRO case in Sonoma County Superior Court in October 2021. In that proceeding, the Sonoma court issued a two-year DVRO protecting Zeng from Wang in March 2022. It also granted Zeng temporary sole legal custody of Daughter and allowed Wang video visits. The DVRO, which did not include Daughter as a protected person, was set to expire on March 4, 2024.[2]

After the DVRO was issued, Wang continued to litigate. Among other things, he filed multiple requests for orders (RFOs) and four appeals (case Nos. A165473, A166681, A168238, and A168859).

### B. Zeng's Initial Attempt to Renew the DVRO

In February 2024, Zeng filed a request to renew the DVRO pursuant to section 6345 because Wang continued to litigate the case. She alleged that Wang continued his "pattern of harassment" after the issuance of the DVRO by appealing "virtually every order" of the trial court and filing four meritless RFOs. She further argued that Wang's appellate briefs displayed no remorse for his actions and repeated his false accusations against her. Finally, she asserted that, based on Wang's "nearly non-stop litigation abuse while a restraining order has been in effect," she "shudder[ed] to imagine what might

---

[2] Wang appealed the DVRO and custody order, and we affirmed. (*Zeng v. Wang* (Mar. 25, 2024, A165473) [nonpub. opn.] (*Zeng I*).)

happen if the restraining order is allowed to expire." However, she did not ask that Daughter be added as a protected person.

Wang opposed the renewal of the DVRO. He urged instead that the trial court compel compliance with an earlier parenting plan, appoint counsel for Daughter, order a custody evaluation, and award him attorney fees.

After an evidentiary hearing on March 21, 2024, the trial court (Judge Peter Ottenweller) denied Zeng's request to renew the DVRO. The court found that Wang had a right to appeal the court's orders, that Wang had not violated the DVRO, and that "the basis of [Zeng's] requests has not been proved." The court observed that renewing the DVRO based on Wang's litigation would violate his right to free speech and his right to use the litigation process. The court also denied Zeng's request for a TRO pending her moving for reconsideration.

C. Post-DVRO Events

On March 22, 2024, the day after the trial court declined to renew the DVRO, Zeng's counsel (Johanna Kleppe) e-mailed Wang. Kleppe wrote: "Although the domestic violence restraining order is no[ ] longer in effect, please direct all communications intended for Dr. Zeng, to me directly. This includes, but is not limited to: email, text messages, phone calls and written communications."

Wang replied to Kleppe by e-mail that same day, reminding her "of [her] professional liability under federal civil rights statutes" and setting forth section 1985 of the United States Code.

Over the next few days, we affirmed the trial court's earlier orders in three of Wang's appeals. (*Zeng I, supra,* A165473 [affirming DVRO and custody order]; *Zeng v. Wang* (Mar. 26, 2024, A166681) [nonpub. opn.] [affirming denial of Wang's request for compliance with former custody and

3

visitation orders and characterizing Wang's contentions as meritless]; *Zeng v. Wang* (Mar. 28, 2024, A168238) [nonpub. opn] [affirming denial of Wang's motion for sanctions against Kleppe].)

D. Zeng's Motion for Reconsideration or a New Trial

In April 2024, Zeng moved for reconsideration of the denial of her request to renew the DVRO under Code of Civil Procedure section 1008.  In the alternative, she sought a new trial pursuant to Code of Civil Procedure section 657.  She based her motion on "new information and facts discovered and/or received since the March 21, 2024, evidentiary hearing."  The new evidence consisted of this court's decisions in case Nos. A165473, A166681, and A168238 and Wang's response to Kleppe's e-mail, which Zeng characterized as a threat to sue Kleppe for conspiracy to violate his civil rights.

Wang opposed Zeng's motion.  Asserting a First Amendment right to communicate with Daughter and with Mother on co-parenting issues, he proposed a settlement conference.  He further argued that, to satisfy procedural due process arising from his and Daughter's constitutionally-protected interests in their relationship, there should be a court-appointed child custody evaluation so that custody could be modified according to Daughter's best interests.  In response to Zeng's request for reconsideration or a new trial, Wang explained that his reply to Kleppe was merely a reminder that he was protected by federal civil rights laws in relation to his freedom of speech and parental rights.  He believed that Kleppe lacked the legal authority to restrict Father's freedom without a valid court order.  He also averred that Zeng, not Wang, initiated their most recent phone conversation.

4

The trial court (Judge Kinna Patel Crocker, after Judge Ottenweller's retirement) issued a tentative ruling denying Zeng's request for reconsideration. The court recognized that Code of Civil Procedure section 1008 required a demonstration of new facts, law, or circumstances not previously considered. It then concluded that the information in the appellate decisions was not new and that this court's finding that Wang's appeals were meritless reflected matters already known. Furthermore, Judge Ottenweller had ruled that it was improper to issue a restraining order based solely on litigation activity, frivolous or otherwise. He had not indicated that he would reach a different decision if past litigation was found to be frivolous or if Wang engaged in further litigation activity or threatened litigation against Kleppe. As to the latter, Zeng had stated that Wang acted similarly in the past, so the information had already been considered by the court.

The trial court held a hearing on the motion for reconsideration or a new trial on May 17, 2024. No transcript of the hearing appears in the appellate record. By minute order dated that same day, the court changed course and granted a new trial. The order simply stated that "Counsel Kleppe seeks clarification on the tentative ruling" and that "[t]he Court GRANTS Counsel Kleppe's requests for a new trial to renew the domestic violence restraining order." (Boldface omitted.) Wang appealed (case No. A171862).

E. New Trial on Renewal of DVRO

The trial court held a new trial on Zeng's request for renewal of the DVRO on September 24 and November 1, 2024. Zeng and Kleppe, her counsel, represented that Zeng was seeking the renewal of the original DVRO and did not argue that the renewed DVRO should protect Daughter. Zeng

5

and Wang testified at the hearing, but Daughter did not. The court took the matter under submission.

On November 14, 2024, the trial court issued an Order After Trial. The court found that Zeng had a reasonable apprehension of future abuse from Wang based on extensive findings of fact concerning Wang's actions and their effect on her. Without making similar findings as to Daughter, the court concluded that the DVRO would be "renewed for a period of five years with [Zeng] *and the minor child* as protected parties." (Italics added.) The renewed DVRO itself, which ends on November 14, 2029, identifies Zeng and Daughter as protected persons. Wang timely appealed (case No. A172228).[3]

## II. DISCUSSION

We conclude that the trial court did not abuse its discretion in granting a new trial on Zeng's request to renew the DVRO but that it erred by adding Daughter as a protected person in the renewed DVRO.

### A. May 2024 Order Granting a New Trial

A new trial may be granted on the ground of "[n]ewly discovered evidence, material for the party making the application, which [s]he could not, with reasonable diligence, have discovered and produced at the trial."

---

[3] In case No. A171862, Zeng has requested judicial notice of two items. First, she seeks judicial notice of the reporter's transcript of the new trial on September 24 and November 1, 2024, which was lodged in case No. A172228. Because Wang did not lodge the transcript in case No. A171862, we grant Zeng's request. Second, Zeng seeks judicial notice of a February 2025 trial court order that declared Wang a vexatious litigant. We deny this request because the vexatious litigant ruling occurred after the orders at issue in these appeals. For the same reason, we deny Zeng's request in case No. A172228 that we take judicial notice of the same vexatious litigant order. Finally, we note that Zeng filed motions in this court to declare Wang a vexatious litigant in each of Wang's pending appeals. We denied those motions in April 2025.

(Code Civ. Proc., § 657(4).) An order granting a new trial based on new evidence is generally " 'a matter which is committed to the sound discretion of the trial court,' " and " 'a reviewing court will not interfere unless a clear abuse of discretion is shown.' " (*Aron v. WIB Holdings* (2018) 21 Cal.App.5th 1069, 1078.)

Wang, however, contends that the trial court erred by not specifying its grounds for ordering the new trial. It is true that an order granting a new trial "*must* state the ground or grounds relied upon by the court, and may contain the specification of reasons." (Code Civ. Proc., § 657, italics added.) And there is no indication in the record that the court complied with this requirement.

But Code of Civil Procedure section 657 also provides that the trial court's failure to identify the ground for a new trial does not compel reversal: "On appeal from an order granting a new trial the order *shall be affirmed if it should have been granted upon any ground stated in the motion*, *whether or not specified in the order* or specification of reasons" (unless the ground is insufficiency of the evidence or excessive or inadequate damages). (Italics added; see *Sanchez-Corea v. Bank of America* (1985) 38 Cal.3d 892, 905–906; *Fergus v. Songer* (2007) 150 Cal.App.4th 552, 567.) Here, Zeng sought a new trial on the ground of newly discovered evidence, which is a cognizable ground under Code of Civil Procedure section 657(4). Wang therefore fails to establish reversible error.

Wang further contends that there was insufficient evidence to support the new trial order. He points to the trial court's tentative ruling, which proposed to deny reconsideration because Zeng had *not* presented new evidence. The tentative ruling also acknowledged that it would be improper

7

to renew the DVRO based solely on litigation activity, whether frivolous or not. Wang's contention is unavailing.

In the first place, the tentative ruling only addressed Zeng's request for reconsideration. It did not address her request for a new trial. Moreover, a tentative ruling is not binding on the trial court and, by its nature, is subject to change. (Cal. Rules of Court, rule 3.1590(b).) At some point between the tentative ruling and the new trial order, the court was persuaded that a new trial was warranted. Because Wang has not provided a record of the May 17, 2024 hearing, we presume that the court acted properly and the record supports its order. (*Elena S. v. Kroutik* (2016) 247 Cal.App.4th 570, 576.)

Furthermore, Wang has not persuaded us that the order granting the new trial was an abuse of discretion. Even if a DVRO renewal cannot be based solely on the exercise of a right to pursue litigation, it is reasonable to conclude from the record that the manner in which Wang pursued litigation suggested an intent to harass Zeng, rather than an intent to vindicate a legal position. By the time the trial court granted a new trial, it had sanctioned Wang twice for filing frivolous litigation, and Wang had not paid those sanctions. Further, it is reasonable to conclude that the animus Wang expressed in litigating during the term of the DVRO would be expressed by a return to direct harassment of and communications with Zeng if the DVRO were not renewed. Indeed, Wang's response to Kleppe's request not to contact Zeng arguably reflected his intent to do just that. (See § 6345, subd. (a) [DVRO may be renewed "without a showing of further abuse since the issuance of the original order"]; *Ashby v. Ashby* (2021) 68 Cal.App.5th 491, 516–517 [former husband's spiteful litigation tactics and willful violation of trial court orders suggested that he had "not moved on and the power and control dynamic of the abusive relationship is ongoing"].) Under the

8

circumstances, it was not an abuse of discretion to order a new trial so that evidence of Wang's conduct after Judge Ottenweller's ruling might be fully considered.

B. November 2024 Order Renewing DVRO and Adding Daughter[4]

Wang does not challenge the renewal of the DVRO as to Zeng. Instead, he challenges the trial court's addition of Daughter as a protected person. He contends that he lacked notice and an opportunity to be heard on whether he should be prohibited from contacting her. We agree.

Section 6345, subdivision (a), governs DVRO renewals. It reads: "In the discretion of the [trial] court, the personal conduct, stay-away, and residence exclusion orders contained in a court order issued *after notice and a hearing under this article* may have a duration of not more than five years, subject to termination or modification by further order of the court either on written stipulation filed with the court or on the motion of a party. *These orders may be renewed, upon the request of a party, either for five or more years, or permanently, at the discretion of the court, without a showing of further abuse since the issuance of the original order.* Renewals and subsequent renewals shall be subject to termination, modification, or subsequent renewal by further order of the court either on written stipulation filed with the court or on the motion of a party. The request for renewal may be brought at any time within the three months before the expiration of the orders." (Italics added.)

Here, Wang lacked notice and a meaningful opportunity to be heard on whether a DVRO should preclude him from contacting Daughter.

_____

[4] Wang appealed from a November 1, 2024 minute order and from the court's Order After Trial and DVRO dated November 14, 2024. Zeng urges that the November 1 order is not appealable. Regardless, the November 14 order is.

9

(See §§ 6345, subd. (a) [only orders issued "after notice and a hearing under this article" may be renewed]; 6340, subd. (a)(1) [DVRO under section 6320 may only be issued after notice and a hearing].) At no time before the November 2024 order did anyone suggest that the renewed DVRO would cover Daughter. Zeng's request to renew the DVRO sought protection for Zeng, not Daughter. It attached the original DVRO, which listed only Zeng, not Daughter, as a protected person. In her supporting declaration, Zeng urged the trial court to "renew the *present* restraining order" and requested "that the *current* DVRO be renewed and converted to a permanent restraining order with no expiration date." (Italics added.) Zeng did not seek a modification of the DVRO to add Daughter as an additional protected person.

Zeng asserts that the record of the renewal hearing makes clear that Wang knew he was litigating the DVRO as to Daughter. We disagree. Counsel Kleppe's opening statement referred to a DVRO as to Zeng only. In her testimony, Zeng confirmed that Daughter was not covered by the original DVRO and that Wang was free to contact her. When Kleppe asked her whether it was "true that [Zeng is] not asking for [Daughter] to be on the order today," Zeng replied, "I'm not asking for that." Kleppe represented to the trial court, "this is strictly about a restraining order between Dr. Zeng and Mr. Wang." Kleppe further stated: "What's before the Court today is simply a restraining order renewal between my client and Mr. Wang, *not between his daughter and Mr. Wang*." (Italics added.) In closing argument, Kleppe only asked the court to "*renew* the restraining order;" she did not ask the court to add Daughter to the renewed DVRO. (Italics added.) And contrary to Zeng's characterization of Wang's statements at the hearing, his reference to being kept from Daughter for three years did not reflect an

10

understanding that the DVRO would cover Daughter. Instead, it reflected his point that Zeng sought renewal of the DVRO based on actions he took in good faith to reunify with Daughter due to his belief it was in her best interests.

Accordingly, we reverse the DVRO to the extent it includes Daughter as a protected person. There being no substantial or convincing argument concerning any other aspect of the renewed DVRO, we will affirm that DVRO in all other respects.[5]

## III. DISPOSITION

In case No. A171862, the order granting a new trial on Zeng's request for renewal of the domestic violence restraining order is affirmed. In case No. A172228, the order renewing the DVRO is reversed insofar as it purports to cover Daughter as a protected person. In all other respects, the order renewing the DVRO is affirmed. In the interest of justice, the parties shall each bear their own costs in these appeals.

CHOU, J.


WE CONCUR.

JACKSON, P. J.
BURNS, J.

---

[5] We express no opinion on whether there is evidence to support a separate DVRO that protects Daughter pursuant to section 6300 et seq.

11